MARGARET McMULLEN, ADMINISTRATRIX AND ADMINISTRATRIX *AD PROSEQUENDUM* OF THE ESTATE OF CHARLES McMULLEN, DECEASED, PLAINTIFF-APPELLANT, v. CONFORTI & EISELE, INC., A CORPORATION, DEFENDANT-RESPONDENT.

MARGARET McMULLEN, ADMINISTRATRIX OF THE ESTATE OF CHARLES McMULLEN, DECEASED, PLAINTIFF-APPELLANT, v. MARYLAND CASUALTY COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted May 20, 1975—Decided June 19, 1975.

*Messrs. Baker, Garber, Duffy & Baker,* attorneys for plaintiff-appellant (*Mr. Nathan Baker* and *Mr. Morris Schnitzer,* of counsel).

*Mr. Edward E. Kuebler* for defendant-respondent Maryland Casualty Company.

No appearance for Conforti & Eisele Inc., defendant-respondent.

PER CURIAM. By stipulation this case is submitted to the Court on briefs, without oral argument. The only issue raised is the constitutionality of the retrospective operation of *R.* 1:21–7, regulating contingent fee arrangements between attorney and client in certain kinds of tort cases, adopted to be effective January 31, 1972.

The wrongful death action herein was instituted on plaintiff's behalf on August 2, 1969 by her attorneys, who are the real parties interested in the success of this appeal. They entered into a written agreement with plaintiff June 18, 1969 for a 33-1/3% contingent fee. The case was settled for $250,000 on May 23, 1972, almost four months after the contingent fee rule became effective. The attorneys' position is that application of the rule of the preexisting fee contract was an unconstitutional denial or impairment of a vested contract right.

▓ There is no question but that the rule was intended to be retrospective in effect since it provides (in paragraph (e)) that an attorney shall not "contract for, *charge or collect*" (emphasis added) a contingent fee in excess of the limits fixed by the rule. In *American Trial Lawyers v. N. J. Supreme Ct.,* 66 *N. J.* 258 (1974), we upheld the constitutionality and validity of the rule. In so doing we referred to the decision of the Appellate Division in that case (126 *N. J. Super.* 577) and said (at 261) : "We adopt this well-reasoned opinion *in toto* * * *."

▓ The Appellate Division squarely dealt with the contention now raised by plaintiff's attorneys, as follows (126 *N. J. Super.* at 593) :

Finally, we find no merit to plaintiffs' contention that the rule impairs the obligation of contingent fee contracts made and partly performed prior to January 31, 1972. Apart from the fact that, as noted above, it has long been recognized that attorneys' fee arrangements are subject to judicial scrutiny, "every contract is made subject to the implied condition that its fulfillment may be frustrated by a proper exercise of the police power." *Veix v. Seneca B. & L. Ass'n,* 126 *N. J. L.* 314, 320 (E. & A. 1940) ; see also *Marcus Brown Holding Co. v. Feldman,* 256 U. S. 170, 198, 41 S. Ct. 465, 466, 65 L. Ed.

877 (1921). The stated rule is fully applicable to 'fee contracts between an attorney and his client. *Calhoun v. Massie*, 253 U. S. 170, 40 S. Ct. 474, 476, 64 L. Ed. 843 (1920).

Moreover, the lack of substance in the contention that the retroactive application of *R.* 1:21–7 impairs the obligation of contract is underscored by the fact that any attorney who believes that the rule operates unfairly as to him may proceed, under *R.* 1:21–7(f), to seek court approval of a fee in an amount greater than that permitted by *R.* 1:21–7(c). 126 *N. J. Super.* at 593.

We now expressly reiterate our approval and adoption of the foregoing determination. It is dispositive of the issue raised on this appeal.

We assume that, as the attorneys are the real parties in interest in this appeal, plaintiff will not be charged with any fee for services herein.

Judgment affirmed.

*For affirmance*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For reversal*—None.