188 N.J. Super. 87 (1982)
455 A.2d 1166
BRIAN FREDERICK McNELIS, PLAINTIFF,
v.
JUDITH ELLEN COHEN AND MELROSE DISPLAYS, INC., INDIVIDUALLY, SEVERALLY AND/OR JOINTLY, DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
Decided October 8, 1982.
*88 Wayne D. Greenstone (Greenstone & Greenstone attorneys), and Rocco William Lo Piano for plaintiff.
No appearance was required on behalf of any of the remaining parties.
*89 SIMPSON, A.J.S.C.
This is an application under R. 1:21-7(f) for an increased attorney's fee in excess of the contingent fee provided for in a retainer agreement or allowable pursuant to R. 1:21-7(c).
Plaintiff was rendered quadraplegic as a result of injuries he sustained as a passenger in an automobile accident in Vermont on April 22, 1979. There was extensive discovery and pretrial preparation, and complete settlement was only reached after several days of negotiations and a full week of trial. The primary insurance carrier paid $489,011.50 of a $500,000 policy (the balance having been expended in settlement of other claims) using the covenant not to sue procedure, with reservation of rights against the excess carrier, pursuant to Deblon v. Beaton, 103 N.J. Super. 345 (Law Div. 1968). The excess carrier ultimately paid $1,160,988.50 out of its $3,000,000 policy coverage. The total settlement was therefor $1,650,000, and after disbursements of $17,457.90 the net sum recovered for permissible fee computation was $1,632,542.10. R. 1:21-7(d).
The attorney's application, on written notice to the client in accordance with R. 1:21-7(f), referred to a request of 25% "of the settlement after deduction of costs and expenses." This would be 25% of $1,632,542.10, or $408,135.53. Counsel's calculation submitted to the court and client, however, utilized the higher percentages applicable to the first $100,000 of recovery under R. 1:21-7(c) and a retainer agreement dated October 13, 1979. This calculation totals $412,602.20. The retainer agreement reserved the right to request additional fees under R. 1:21-7(f) and contained a further paragraph as follows:
If this office is required to collect the personal injury protection coverage there will be a additional charge of 10% of any amount collected under the personal injury protection provision of the applicable insurance policy.
Initially, the personal injury protection (PIP) carrier declined responsibility under N.J.S.A. 39:6A-4, but after institution of suit coverage was acknowledged. Approximately $100,000 PIP benefits have been paid to date for income continuation, attendant care and medical expenses. No claim is made for the *90 10% charge for PIP collections to date, as referred to in the retainer agreement, although counsel indicated a charge might be made for future collections if "warranted by extraordinary circumstances."
Interest and counsel fees may be assessed against insurers, under certain circumstances, in connection with the collection of PIP benefits. N.J.S.A. 39:6A-5(c); R. 4:42-9(a)(6); Van Houten v. N.J. Mfrs. Ins. Co., 159 N.J. Super. 208 (Cty.Ct. 1978), aff'd 170 N.J. Super. 415 (App.Div. 1979); Ortiz v. Safeco Ins. Co., 144 N.J. Super. 506 (App.Div. 1976). In a case such as this, where pursuit of the PIP claims was incidental to the main case, and interest and counsel fees were not sought or assessed against the carrier, the payments should not be included in an R. 1:21-7(c) fee calculation. The successful efforts may, however, be considered as a factor in connection with an R. 1:21-7(f) application.
Although no time records were submitted, extensive documentation with the application evidenced a great deal of work by outstanding lawyers over a three-year period. Plaintiff was satisfied with the services of his attorneys and did not object to the request, although it was clear that he preferred to leave the amount of any approved increase to the assignment judge. Full consideration was also given to the possibility of a "structured settlement," as in Merendino v. FMC Corp, 181 N.J. Super. 503 (Law Div. 1981), but plaintiff decided on a cash settlement. The factors detailed in that case, as well as in Pacillo v. Harris Mfg. Co., 182 N.J. Super. 322 (Law Div. 1981), and Tobias v. Autore, 182 N.J. Super. 328 (Law Div. 1982), indicate that an increase in the fee normally permitted under R. 1:21-7(c) should be allowed. This case is similar to those three cases in that the risks of a full trial were avoided, and no appeal or retrial was required. And while there was some early skirmishing as to the proper forum  Vermont or New Jersey  and which state's law would apply, there was really no novel question of law involved. Accordingly, to attain the maximum aggregate marginal benefit for both *91 client and attorney, I believe an increase in the R. 1:21-7(c)(6) percentage from 10% to 20% is required to provide sufficient compensation for all legal services for plaintiff to date. The fee schedule, requested, and allowed calculations are:

R. 1:21-7(c) % On Schedule Requested[1]
(1) 50 $ 1,000.00 $ 500.00 $ 500.00
(2) 40 2,000.00 800.00 800.00
(3) 33 1/3 47,000.00 15,666.67 15,666.67
(4) 25 50,000.00 12,500.00 ( Flat )
(5) 20 150,000.00 30,000.00 ( 25% or )
(6) 10 1,382,542.10 138,254.21 ( 395,635.53)
 ____________ __________ ___________
 $1,632,542.10 $197,720.88 $ 412,602.20
 ============= =========== ===========
R. 1:21-7(c) % Allowed
(1) 50 $ 500.00
(2) 40 800.00
(3) 33 1/3 15,666.67
(4) 25 12,500.00
(5) 20 30,000.00
(6) 10 276,508.42[2]
 __________
 $335,975.09
 =============

The original notice to the client referred to a flat 25% counsel fee request; the above request amounts to 25.273%; the fee schedule calculates to 12.111% on an overall basis, and the approved fee of $335,975.09 is 20.579% of the net aggregate recovery. The increase of $138,254.21 makes the total of $335,975.09 a reasonable fee in light of all the circumstances.
An appropriate order should be submitted pursuant to R. 4:42-1 and copies of all papers filed with the Administrative Office of the Courts in accordance with R. 1:21-7(f).
NOTES
[1] Counsel's calculation, as noted above, although notice to client was for flat 25% of $1,632,542.10, or $408,135.53.
[2] 20% X $1,382,542.10.