192 N.J. Super. 114 (1983)
469 A.2d 103
NIVEEN ISKANDER, AN INFANT BY HER GUARDIAN AD LITEM, NAWAL ISKANDER AND NAWAL ISKANDER, INDIVIDUALLY, PLAINTIFFS,
v.
COLUMBIA CEMENT CO., INC., A CORPORATION, PALISADES PARK LUMBER AND SUPPLY CO., INC., SAMUEL ISKANDER AND YOUSSEF ISKANDER, DEFENDANTS, AND PALISADES PARK LUMBER AND SUPPLY CO., INC., THIRD PARTY PLAINTIFF,
v.
GARDEN STATE LUMBER PRODUCTS, A NEW JERSEY CORPORATION, THIRD PARTY DEFENDANT.
Superior Court of New Jersey, Law Division Bergen County.
Decided October 20, 1983.
*118 E. Carter Corriston for plaintiffs (Breslin & Breslin, attorneys).
Nusshy I. Saraya, for plaintiffs on this application (Saraya & Matera, attorneys).
No appearance was required on behalf of any of the remaining parties.
SIMPSON, A.J.S.C.
This is a contested application under R. 1:21-7(f) for approval of an attorney's fee in excess of the contingent fee provided for in a retainer agreement or allowable under R. 1:21-7(c). Several questions of first impression arise out of this case involving a unique blend of litigation and settlement.
Niveen Iskander, born September 6, 1966, was badly burned in an accident on her ninth birthday while her father and uncle were working with adhesive cement in remodeling the kitchen of her home. She sued them alleging negligence, and also sued the manufacturer and retailer of the product alleging strict liability in tort. All defendants cross-claimed for indemnification and contribution. After 18 days of a jury trial, the case was settled just before summations and charge for $825,000 plus the interest on $300,000 deposited with the court on March 31, *119 1981 and subsequently placed in certificates of deposit that were periodically rolled over and will provide an additional total yield of $88,000 by November 3, 1983. The application is for a $180,000 counsel fee; plaintiffs and independent counsel object to any increased allowance over "... $99,467 representing the minimum amount on the retainer agreement ..." (consent order filed August 5, 1983 permitting partial payment subject to final court determination as to fees).

I. Retainer Agreement

A standard contingent fee form was executed November 10, 1975 that followed R. 1:21-7, except that the 50% and 40% provisions of R. 1:21-7(c)(1) and (2) were not utilized and the agreement as to the first $50,000 of net recovery was 33 1/3% or 25% if "settled without trial." The latter limitation is in accordance with the rule provision applicable to infants or incompetents. The provisions for 20% on the next $50,000 and 10% on recovery over $100,000 were the same as the then limitations of R. 1:21-7(c)  which were increased by rule amendment effective November 1, 1976.
The fee agreement also contained provisions according with R. 1:21-7(b) and (f) and a letter of transmittal of the agreement repeated the clients' right to retain counsel on a non-contingent basis and set forth hourly rates and the requirement of a cash retainer. Nawal Iskander, the mother and guardian ad litem of Niveen Iskander testified, however, that no one explained the R. 1:21-7(f) reservation paragraph of the fee agreement. She admitted, though, that during the trial and settlement negotiations she was aware that the increased fee application would be made. Niveen Iskander, now 17, testified she had nothing to do with the fee agreement and had no thoughts as to a reasonable counsel fee.
Under all the circumstances, I am satisfied that the case was settled on a basis that permits court consideration of the increased fee application on the merits, and that neither the infant plaintiff nor her mother were induced to settle without *120 realizing that application would be made for an overall fee of about 20% of the total recovery. The polestar in an R. 1:21-7(f) application is the clear language requiring the assignment judge to determine "a reasonable fee in light of all the circumstances." R. 1:21-7(e) also requires contingent fees to conform to DR 2-106(A) that sets forth factors to be considered as guides in determining a "reasonable fee." The position of the guardian ad litem, although not controlling, is entitled to consideration, Murphy v. Mooresville Mills, 132 N.J. Super. 197, 200 (App.Div. 1975), but it is virtually impossible for lay persons to make informed judgments as to the reasonableness of attorneys' contingent fees, Landgraf v. Glasser, 186 N.J. Super. 381, 385 (Law Div. 1982). They simply do not have the experience required to make what really amounts to a comparative evaluation of the factors involved in a particular case against the presumed reasonableness of the percentages set forth in R. 1:21-7. Amer. Trial Lawyers Assoc. v. N.J. Supreme Ct., 126 N.J. Super. 577 (App.Div. 1974), aff'd 66 N.J. 258 (1974).

II. Net Recovery

R. 1:21-7(d) lists the deductions which must be made from the aggregate sum of the recovery to determine the "net sum recovered" for fee purposes. The percentage limitations of R. 1:21-7(c) are then applied to the net sum recovered to ascertain the permissible fee unless an increase is approved pursuant to R. 1:21-7(f). As already noted, the aggregate recovery is $913,000 which includes $88,000 of "interest." There is no dispute about the amount of the deductions for disbursements which total $21,736.58. The only question in ascertaining the net recovery for fee calculation purposes is whether the $88,000 of interest is to be included as part of the base. The net recovery will be $891,236.42 ($913,000 less $21,763.58) or $803,236.42 ($825,000 less $21,763.58).
Under the circumstances of this case, the $88,000 may be termed "presettlement interest." The court rules do not specifically cover such interest and no reported opinion addresses the *121 subject either. Prejudgment interest must be excluded from the base by virtue of R. 1:21-7(d) and R. 4:42-11(b). The court rules do not cover postjudgment interest although Judge Pressler in her comment on R. 1:21-7(d) states:
It should also be pointed out that the calculation is required to be made without regard to postjudgment interest or the prejudgment interest added to the judgment in tort actions by virtue of R. 4:42-11(a) and (b).[1]
No reported appellate opinion has considered the question of whether contingent counsel fees may be allowed on postjudgment interest, but a strong argument can be made that they should. R. 1:21-7(d) includes a provision which states:
The permissible fee shall include legal services rendered on any appeal or review proceeding or on any retrial, but this shall not be deemed to require an attorney to take an appeal.
The law favors settlement of controversies and our court rules support this goal of our judicial system.[2] Our contingent fee rules are designed to try to obtain the maximum aggregate marginal benefit for both clients and attorneys. Merendino v. FMC Corp., 181 N.J. Super. 503 (Law Div. 1981). Participation of both the attorney and his client in any postjudgment interest will facilitate settlements and aggregate marginal benefits in cases involving appeals. See also Daly v. Great Atlantic & Pacific Tea Co., Inc., 191 N.J. Super. 622 (Law Div. 1983); Pettiford v. Eskwitt, 189 N.J. Super. 485 (Law Div. 1983). Although R. 1:21-7(d) precludes any increase in the R. 1:21-7(c) percentages because of appeal or retrial, the sharing of postjudgment interest will provide at least some additional compensation for counsel in the small percentage of cases requiring such additional legal services. In any event, such factors could be considered in connection with an R. 1:21-7(f) application that *122 might be unnecessary if postjudgment interest was clearly included in the net recovery or base. See also Buckelew v. Grossbard, 189 N.J. Super. 584 (Law Div. 1983).
Even if postjudgment interest must be excluded from the recovery base for calculation of attorney's fees, there are additional reasons why presettlement interest of the unusual type involved in this case should be included in the base. The carrier insuring the father and uncle of the infant plaintiff provided coverage of $300,000. The full policy was offered, but plaintiffs could not accept same without jeopardizing their claims against the other defendants. Kotzian v. Barr, 81 N.J. 360 (1979). Were there no other defendants, the $300,000 would have been paid 2 1/2 years ago; counsel fees would have been paid, and both attorney and client would have participated in the subsequent earnings on their shares of the settlement. The unique depositing of the $300,000 with the court (and subsequent investment in certificates of deposit to increase the yield) was subject to the ultimate resolution of the entire controversy. Since the total damages suffered by the infant plaintiff were obviously in excess of $300,000 and the policy limit was $300,000, this carrier would not have been liable for prejudgment interest beyond the policy limits. Kotzian v. Barr, supra. In effect, the proceeds of the policy were increased, and at the same time the continued participation of counsel for the Iskander defendants (father and uncle) inured to the benefit of plaintiffs. This was so, because such carrier could save on its policy if the other defendants were ultimately held liable for all or a larger percentage of plaintiff's damages. Accordingly, the $88,000 that at first blush appears to be comparable to prejudgment interest to be solely allocated to plaintiff, is more akin to postjudgment interest that should be shared with counsel. In truth it is neither but instead is in the nature of increased policy limits available, at least on ultimate settlement without verdict, for sharing by client and counsel to obtain the maximum aggregate marginal benefit for both of them.

*123 III. Reasonable Counsel Fee

The $99,467 counsel fee suggested by plaintiff and independent counsel (August 5, 1983 consent order, supra) cannot be reconciled with the retainer agreement or former R. 1:21-7(c) since it apparently was not computed on the basis described in R. 1:21-7(d). If 25% was applied to the first $50,000 of recovery, the total fee on a net recovery of $803,236.42 would be $92,823.64[3], and if 33 1/3% was applied to the first $50,000 the total fee would be $96,990.31.[4] The differences are of no moment, however, since I have determined that a reasonable fee in light of all the circumstances would exceed the $180,000 requested. An allowance, of course, will never exceed a request; so the submitted order has been completed to approve the application for $180,000 counsel fee plus $21,763.58 disbursements.
The first question is the percentage to be applied to the first $50,000. The retainer agreement, as noted above, was 25% if settled without trial, otherwise 33 1/3%. Even though an infant was involved, I deem the 33 1/3% allowable in this case. The limitation to 25% in the case of an infant or incompetent, under R. 1:21-7(c)(7) (or R. 1:21-7(c)(5) at the time of execution *124 of the retainer agreement), if "the matter is settled without trial" is not applicable where settlement occurs after all parties have presented all their evidence and rested. The purpose of the rule  to reduce the percentage where no substantial portion of the trial has occurred  would not be served by reducing the fee after 18 days of trial and when only summations and charge remained prior to submission of the case to the jury. Settlement should always be encouraged, even after a lengthy trial, to preclude the possibility of appeal and retrial.
The next question concerns the percentages to be applied to the net recovery over $50,000 where the rule has been changed after the retainer agreement was signed. Ordinarily the old rule (and lower percentages) would apply, but where most of the legal work was done after the new rule was effective (as in this case) the increased percentages may be considered for R. 1:21-7(f) purposes to determine a reasonable fee under all the circumstances. Buckelew v. Grossbard, supra, at 586. Recoveries (by way of settlements or verdicts) may be assumed to have kept pace with inflation and certainly the cost of units of legal effort have increased proportionately.[5]
Finally, the percentage applicable to net recovery over $250,000 under R. 1:21-7(c)(6)  or over $100,000 under former R. 1:21-7(c)(5)  must be examined in this R. 1:21-7(f) application. Many reasons for increasing the 10% multiplier on the schedule to 20% have been set forth in Merendino, supra; Pacillo v. Harris Mfg. Co., 182 N.J. Super. 322 (Law Div. 1981); Tobias v. Autore, 182 N.J. Super. 328 (Law Div. 1982); Landgraf, supra; and Mc Nelis v. Cohen, 188 N.J. Super. 87 (Law Div. 1982), and need not be repeated here. In this case there were extensive pleadings, discovery, motions, briefs and an 18 day trial over an eight year period. The court files alone are eight inches high and weigh 19 pounds. It is unfortunate that accurate time records were apparently not kept, but the trial judge has recommended *125 the requested fee and it is obvious that hundreds (and perhaps thousands) of hours of legal effort were involved. DR 2-106(A)(1), (4), and (7) factors also support an increase of the multiplier from 10% to 20%:

DR 2-106(A) This Case
(1) The time and labor required, Skillful handling of presettlement
 the novelty and difficulty of interest; difficult products liability
 the questions involved, and claim involving risk utility
 the skill requisite to perform and warning sufficiency, industry
 the legal service properly. standards, etc.
(4) The amount involved and the $913,000; exceptional results
 results obtained. recognized by all parties and trial
 judge.
(7) The experience, reputation, Recognized experts in the field;
 and ability of the lawyer or trial counsel an R. 1:39 "certified
 lawyers performing the services. civil trial attorney."

For all these reasons, I have concluded that in this case the 10% multiplier should be increased to 20%. The three determinations as to the multipliers would therefore support an R. 1:21-7(f) approved fee as high as $187,413.95 calculated as follows:

R. 1:21-7(c) % On Totals
(1), (2) & (3) 33 1/3 $ 50,000.00 $ 16,666.67
(4) 25 50,000.00 12,500.00
(5) 20 150,000.00 30,000.00
(6) 10% increased to 20 641,236.42 128,247.28
 ___________ ___________
 $891,236.42 $187,413.95
 =========== ===========

In the event the $88,000 presettlement interest was excluded from the net recovery for calculation purposes, an R. 1:21-7(f) approved fee of $169,813.95 would result:

*126
R. 1:21-7(c) % On Totals
(1), (2) & (3) 33 1/3 $ 50,000.00 $ 16,666.67
(4) 25 50,000.00 12,500.00
(5) 20 150,000.00 30,000.00
(6) 10% increased to 20 553,236.42 110,647.28
 ___________ ___________
 $803,236.42 $169,813.95
 =========== ===========

Both of the foregoing calculations do not take into account the failure of the R. 1:21-7(c) sliding scale to keep pace with inflation and the reduced value of the dollar. As already noted, recoveries and costs of units of legal effort are assumed to have kept pace with inflation, but the scale has not. The original scale was effective September 13, 1971 when the consumer price index (CPI) was 127.3 for New York, N.Y.  Northeastern N.J.[6] The CPI was 179.00[7] when the R. 1:21-7(c) schedule was amended to increase the percentages effective November 1, 1976 but it is presently 288.4[8]. To reestablish parity with either 1971 or 1976 would require the amounts to which the descending percentages are applicable to be increased proportionately, or the percentages applicable to the same dollar amounts to be increased somewhat. No useful purpose would be served by converting all the calculations to reflect current CPI figures, but it should be noted that allowable fees would increase under R. 1:21-7(c) and presumably under R. 1:21-7(f). Mention should also be made of the recommendation of the Supreme Court's Committee on Civil Practice that R. 1:21-7(c) be amended to permit a fee of one-third of recovery up to $250,000 and one quarter of any recovery above $250,000.[9] Even excluding the *127 $88,000 presettlement interest, an allowable fee of $221,642.44 would result:

 1/3 × $250,000.00 = $ 83,333.33
 1/4 × 553,236.42 = 138,309.11
 ___________ ___________
 Totals $803,236.42 $221,642.44
 =========== ===========

Furthermore, a subcommittee of the civil practice committee had recommended[10] that a fee of one-third of recovery be permitted in all cases (with a 25% limit in an infant or incompetent "settlement without trial"). Again excluding presettlement interest, such recommendations would yield a 25% fee of $200,809.11 or a 1/3 fee of $267,745.47.
For all of the foregoing reasons, the application for a $180,000 counsel fee is allowed. Counsel should file copies of all papers on this application with the Administrative Office of the Courts in accordance with R. 1:21-7(f).
NOTES
[1] Pressler, Current N.J. Court Rules, Comment R. 1:21-7(d) (1984).
[2] See Pressler, Current N.J. Court Rules, Comment R. 4:58-1 et seq. (1984) as to offers of judgment; see also Continental Can Co. v. Hudson Foam Latex Products, Inc., 123 N.J. Super. 364, 372 (Law Div. 1973), rev'd on other grounds 129 N.J. Super. 426 (App.Div. 1974); Honeywell v. Bubb, 130 N.J. Super. 130, 136 (App.Div. 1974).
[3] 25% × $ 50,000.00 = $12,500.00
 20% × 50,000.00 = 10,000.00
 10% × 703,236.42 = 70,323.64
 ___________ __________
 Totals: $803,236.42 $92,823.64
 =========== ==========

[4] 33 1/3% × $ 50,000.00 = $ 16,666.67
 20% × 50,000.00 = 10,000.00
 10% × 703,236.42 = 70,323.64
 ____________ ___________
 Totals: $ 803,236.42 $ 96,990.31
 ============ ===========

[5] Merendino, supra, at 513.
[6] 1983 New Jersey Lawyers Diary and Manual at 953.
[7] Ibid.
[8] August 1983 CPI for New York, N.Y.  Northeastern, NJ as published in 112 N.J.L.J. 338 (September 29, 1983).
[9] 111 N.J.L.J. 669 (June 11, 1983).
[10] Ibid. and Appendix B thereto.