ANDREW LUCHEJKO, PLAINTIFF, v. DR. D. MEMBRENO,
ET AL DEFENDANTS.

Superior Court of New Jersey
Law Division Bergen County

Decided December 23, 1983.

---

*Herbert Klein* for plaintiff (*Klein, Chapman, Chester, DiIanna, Greenburg, Henkoff & Siegel,* attorneys).

No appearance required by any remaining parties.

SIMPSON, A.J.S.C.

This is an application under *R.* 1:21–7(f) for an increased attorney's fee in excess of the amount allowable pursuant to *R.* 1:21–7(c). Plaintiff has a serious disability known as vestibular dysfunction resulting from over-treatment, following surgery, with garamycin and other aminoglycosides. His balance and ability to walk are permanently impaired.

There was extensive discovery and pretrial motions and a number of difficult legal issues in addition to a six-day trial resulting in a $150,000 verdict. Prejudgment interest totalled approximately $60,000 and after post-trial motions were all denied both sides filed notices of appeal. With the aid of the trial judge, the appeals were withdrawn and the case settled for $165,000. *R.* 1:21–7(d) disbursements were $6,402.72 and counsel seeks a flat one-third fee on the net aggregate recovery of $158,597.28. This would calculate to $52,865.76, although the notice of motion erroneously calculated the amount as $52,-812.89. The notice also erroneously specified an $8,712.57 increase, since the increase over the amount allowable under *R.* 1:21–7(c) would be $11,679.63:

Amount requested—⅓ of $158,597.28 or—$52,865.76. Amount allowable under the rule:

| R. 1:21–7(c) | % | On | | |
|---|---|---|---|---|
| (1) | 50 | $ 1,000.00 | $ 500.00 | |
| (2) | 40 | 2,000.00 | 800.00 | |
| (3) | ⅓ | 47,000.00 | 15,666.67 | |
| (4) | 25 | 50,000.00 | 12,500.00 | |
| (5) | 20 | 58,597.28 | 11,719.46 | 41,186.13 |
| | | $158,597.28 | | $11,679.63 |

An allowance, of course, can never exceed a noticed request, *Iskander v. Columbia Cement Co., Inc.,* 192 *N.J.Super.* 114 (Law Div.1983); accordingly, the request will be considered in the amount of $8,712.57. The client does not object to the request, and such position is entitled to consideration although

not controlling. *Murphy v. Mooresville Mills*, 132 *N.J.Super.* 197, 200 (App.Div.1975); *Iskander v. Columbia Cement Co., Inc., supra.* The trial judge also recommended some increase in view of the outstanding manner in which counsel tried the case. In addition, computerized time records were maintained by counsel and reflected a total of 513.30 hours of legal services. There was an appropriate reservation of right to seek an increased counsel fee on the New Jersey State Bar Association form of contingent fee agreement.

For all of these reasons, this is a case where close to a one-third fee is merited. However, the fee can only be calculated on the amount of the verdict of $150,000 less the $6402.72 disbursements, or net aggregate recovery of $143,597.28—subject, as above, to the noticed request limit of $8,712.57. No counsel fee is allowable on prejudgment interest. *R.* 1:21–7(d) and *R.* 4:42–11(b). Such interest cannot be converted to recovery subject to contingent counsel fee by settlement in excess of the amount of the verdict. The calculation under the rule is as follows:

| R. 1:21–7(c) | % | On | Totals |
|---|---|---|---|
| (1) | 50 | $ 1,000.00 | $ 500.00 |
| (2) | 40 | 2,000.00 | 800.00 |
| (3) | ⅓ | 47,000.00 | 15,666.67 |
| (4) | 25 | 50,000.00 | 12,500.00 |
| (5) | 20 | 43,597.28 | 8,719.46 |
| | | $143,597.28 | $38,186.13 |

A one-third fee on the net aggregate recovery of $143,597.28 would be $47,865.76 or $9,679.63 more than the maximum of $38,186.13 under the rule. The $9,679.63 exceeds the noticed request of $8,712.57 by $967.06. Accordingly, the requested increase of $8,712.57 is allowed, and when added to the $38,186.13 maximum permissible under *R.* 1:21–7(c) results in a total *R.* 1:21–7(f) reasonable fee in light of all the circumstances of $46,898.70. This represents 32.66% of the correct net aggre-

gate recovery and close to the flat one-third sought. The portion of the $6,402.72 disbursements paid by counsel are also reimbursable.

The submitted order has been completed in accordance with the foregoing, and counsel should file copies of all papers on this application with the Administrative Office of the Courts pursuant to *R.* 1:21–7(f).