197 N.J. Super. 406 (1984)
484 A.2d 1327
RONALD KELLER, PLAINTIFF,
v.
LOUIS J. DOUGHERTY, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
Decided on Motion August 16, 1984.
*407 Charles Bergamo for plaintiff (Breslin and Breslin, attorneys).
No appearance required by any remaining parties.
SIMPSON, A.J.S.C.
This is an uncontested increased counsel fee application pursuant to R. 1:21-7(f) prior to the January 16, 1984 effective date of Amendments to R. 1:21-7(c) as to contingent fees. Although there was no written agreement as required by R 1:21-7(g), it was orally agreed that the R. 1:21-7(c) fee schedule would apply and plaintiff signed a "Preliminary Closing Agreement" concurring in the application for the increase pursuant to R. 1:21-7(f).
Plaintiff was born December 5, 1959 and in November 1980 underwent surgery for cancer. Following a second operative *408 procedure known as retroperitoneal lymphadenectomy, his lack of urinal output was misdiagnosed as acute tubular necrosis. In fact, both renal arteries leading to his kidneys had been traumatized during the surgery. Subsequent corrective surgery was unsuccessful  and the result is that plaintiff must undergo hemodialysis three times a week. His malpractice case, involving urology, nephrology, radiology, and oncology was ultimately resolved by a structured settlement of $500,000 cash and $50,000 a year for the rest of his life. For purposes of the fee application, the cost of the annuity was said to be $152,412. Later, it was disclosed to be $170,888 per attached Exhibit I. In any event, it is obvious that both the settling carrier, Princeton Insurance Company, and the annuity underwriter, Philadelphia Life Insurance Company, have used impaired or substandard life expectancy actuarial calculations  since plaintiff's standard life expectancy would be about 46 years. Under these circumstances, no meaningful internal rate of return on the annuity investment can be ascertained. The combination of substantial "up front" cash and a lifetime tax-free annuity, however, constitutes a superb structured settlement of this case  with advantages to all parties and the public. Plaintiff's short and long term needs have been well provided for in terms of money. Plaintiff's economist has calculated a present value of $545,009 for the annuity, at a 9% discount rate, if plaintiff lives the normal life expectancy of 46 years.
All delays and risks of trial and appeals have been avoided. Actuarial and investment principles have presumably been utilized as to the retained funds by the insurance companies to effect overall savings. The public benefits from reduced overall case disposition costs and the fact that plaintiff will never become a public charge.
Disbursements totalled $16,367.25 so that the R. 1:21-7(d) net aggregate recovery was $636,044.75:

*409
 "Up Front" cash $500,000.00
 Cost of Annuity[1] 152,412.00
 ___________
 652,412.00
 Disbursements 16,367.25
 ___________
 $636,044.75
 ===========

Using the fee schedule in effect prior to January 16, 1984, the calculations under R. 1:21-7(c) and the requested allowance are as follows:

 R. 1:21-7(c) % On Allowable Requested
 (1) 50 $ 1,000.00 $ 500.00 $ 500.00
 (2) 40 2,000.00 800.00 800.00
 (3) 33 1/3 47,000.00 15,666.67 15,666.67
 (4) 25 50,000.00 12,500.00 12,500.00
 (5) 20 150,000.00 30,000.00 30,000.00
 (6) 10 386,044.75 38,604.47 77,208.94
 __________ ___________
 $98,071.14 $136,675.61
 ========== ===========

In effect, the request is that the R. 1:21-7(c)(6) multiplier be increased from 10% to 20%. Such increase is warranted for the reasons set forth in a number of cases cited in Burd v. Hackensack Hospital Ass'n. 195 N.J. Super. 35 (Law Div. 1984). In addition, the "interest" portion of the $50,000 annual annuity payments will be income tax free and both carriers are A rated by A.M. Best Company. A v. D, E & F, et al 196 N.J. Super. 340 (Law Div. 1984). The concurrence of plaintiff is also entitled to consideration, although not controlling. Murphy v. Mooresville Mills, 132 N.J. Super. 197, 200 (App.Div. 1975). In sum, the DR 2-106(a) factors of difficulty, skill, results, and *410 ability of counsel all support the request and the claim of inadequacy of the counsel fee permitted under the old R. 1:21-7(c) is "thoroughly substantial and documented."[2]
The submitted order has been completed to reflect the approved counsel fee and counsel should file copies of all papers on this application with the Administrative Office of the Courts as required by R. 1:21-7(f).
 EXHIBIT I
 THE
 PENSION
 COMPANY
 July 24, 1984
 Charles Bergamo, Esquire
 BRESLIN & BRESLIN, P.A.
 41 Main Street
 Hackensack, NJ 07601
RE: RONALD JAMES KELLER  SETTLEMENT ANNUITY
Dear Mr. Bergamo:
The information that you requested in your letter of July 13, 1984 is basically covered in the proposal which was used to settle this case and will naturally be in the contract, which will be issued by the insurance company. For your immediate purpose, we have set forth below the information you require:
1) Cost of the settlement is $170,888, not $152,412 as mentioned in your letter.
2) I do not know the internal rate of return, and do not see that as a material piece of information since monthly income is based on a combination of interest and mortality expectation. After a thorough investigation of the marketplace, we naturally referred the annuity containing the best cost to our client.
3) This is as you have stated in your letter.
4) The name of the company is the Philadelphia Life Insurance Company, and they are rated "A" (Excellent) by A.M. Best Company, with a financial category classification of XIII.
5) The annuity payments are guaranteed for Mr. Keller's lifetime.
If you have any further questions on this matter, please don't hesitate to contact me.
 Sincerely,
 Frank A. Pension
 FAP/phd JUL 27, 1984
 xc: Ms. Beth Wachenfeld
 PLEASE REPLY TO: BOX 160 BRYN MAWR, PENNSYLVANIA 19010 (215)
 527-2414
 ONE WORLD TRADE CENTER, SUITE 7967, NEW YORK, NEW YORK 10048
 (212) 432-5851
NOTES
[1] Actual cost of the annuity funding the deferred payments is the value to be used for contingent fee calculation purposes. Landgraf v. Glasser, 186 N.J. Super. 381, 384 n. 1 (Law Div. 1982), and Tobias v. Autore, 182 N.J. Super. 328 (Law Div. 1982), as to fee arrangements on or before January 15, 1984; R. 1:21-7(h) as to fee arrangements after January 15, 1984. Counsel properly only seeks an increased fee allowance on the lower "cost" of the annuity ($152,412) set forth in the application, rather than the higher actual cost shown on Exhibit I. Iskander v. Columbia Cement Co., 192 N.J. Super. 114, 120 (Law Div. 1983).
[2] Pressler, Current N.J. Court Rules (1984 Ed.), Comment R. 1:21-7(f).