County Clerk under *N.J.S.A.* 56:1–2. That statute provides in part:

No person shall conduct or transact business under any assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person shall file a certificate in the office of the clerk of the county or counties in which such person conducts or transacts, or intends to conduct or transact, such business, ...

That statute is, by its own terms, wholly inapplicable to this situation since the defendant Josef Stapf has at all times conducted business only under his own name. The purpose of that statute, moreover, has consistently been held to be to protect creditors, *Rutkowsky v. Bozza,* 77 *N.J.L.* 724, 73 *A.* 502 (E. & A.1909); *Donner v. Parker Credit Corp.,* 10 *N.J.Super.* 350, 76 *A.*2d 277 (Ch.Div.1950), not to afford a method by which nonresident individuals may invoke a statute of limitations defense. Indeed, even proper trade name certificates filed in accordance with the statute do not give constructive notice to anyone of their contents. *Id.* at 355, 76 *A.*2d 277. The argument is unavailing. I have concluded that *N.J.S.A.* 2A:14–22 is invalid under the commerce clause and thus grant defendant's motion. Please submit a form of order.

576 A.2d 349

MAUREEN Mc COMBS, INDIVIDUALLY AND AS GENERAL AD-MINISTRATRIX AND ADMINISTRATRIX AD PROSEQUEN-DUM OF THE ESTATE OF DIANE LYNN TRUITT, DECEASED, PLAINTIFF, v. NEW JERSEY STATE POLICE; STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County

Decided April 17, 1990.

*Ira J. Zarin* for plaintiff.

*Edward Gabler* for defendants (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney).

*John E. Patton,* guardian *ad litem,* for Joseph Parker, III.

*James H. Wolfe, III,* guardian *ad litem,* for Ashley Lynn Truitt.

VILLANUEVA, J.S.C.

This wrongful death action was instituted on behalf of two infant children of the deceased.

When the case was settled it was necessary for the court to appoint separate guardians *ad litem* to determine the allocation of the net proceeds. *N.J.S.A.* 2A:31–4. Following the guidelines set forth therein, the court ordered equal distribution of the net proceeds after considering the ages and educational requirements of the infants, the fact that these funds are not necessary for the infants' support and the recommendations of both guardians *ad litem.*

This is a motion to permit plaintiff's counsel to receive a contingent legal fee without reduction to 25% provided for settlements without trial for the benefit of infants. *R.* 1:21–7(c)(5). The guardians *ad litem* object, contending that this rule limits the attorney's fee in these circumstances to 25%.

The court holds that the 25% limitation applies to this wrongful death action because it was brought solely for the benefit of infants.

I.

On December 9, 1986, Kevin Truitt, a state trooper employed by the New Jersey State Police, shot and killed his wife, Diane Lynn Truitt, who left surviving her two children, Ashley Lynn Truitt, age 21 months and Joseph Parker, III, age 9 years (born of deceased's first marriage).

The mother of the deceased brought this action on behalf of her grandchildren alleging negligence by the state police in permitting an emotionally and otherwise unfit officer to handle and carry a loaded firearm. By the time the case was assigned for trial the attorneys had settled for $300,000 subject to the approval of the Attorney General. However, since the Attorney General, by practice, consults with the Superintendent of State Police before settling a case involving a state trooper and

more than 24 hours had elapsed, the court required the attorneys to select a jury and to make opening statements. This process took less than two hours before the attorneys were informed of the Attorney General's approval.

## II.

■ Plaintiff's attorney contends that the 25% limitation does not apply to wrongful death actions and, in any event, it is not applicable herein because a trial was commenced.

The only two cases dealing with the issue of whether this rule[1] applies to wrongful death actions held that it is not applicable where the class of beneficiaries in a wrongful death action includes both adults and infants, specifically declining to rule as to whether it applies "where all the beneficiaries are infants or incompetents." *McMullen v. Maryland Cas. Co.,* 127 *N.J.Super.* 231, 239, 317 *A.*2d 75 (App.Div.1974), aff'd 67 *N.J.* 416, 341 *A.*2d 334 (1975); *Merendino v. FMC Corp.,* 181 *N.J.Super.* 503, 509, 438 *A.*2d 365 (Law Div.1981).

If the Supreme Court wanted to limit this rule only to tort actions of infants or incompetents, rather than tort actions "for the benefit of a client who was an infant or incompetent," it would have done so.

## III.

Where settlement of an action to recover damages for injuries to an infant from a burn accident occurred after all parties had presented their evidence and rested and prior to summations and charge to jury, the limitation of 25% of the settlement was not applicable to determine the permissible attorney contingent fee. *Iskander v. Columbia Cement Co., Inc.,* 192 *N.J.Su-*

---

[1] Where the amount recovered is for the benefit of a client who was an infant or incompetent when the contingent fee arrangement was made, the foregoing limits shall apply, except that the fee on any amount recovered by settlement without trial shall not exceed 25%. *R.* 1:21–7(c)(5).

*per.* 114, 469 *A.*2d 103 (Law Div.1983), aff'd 197 *N.J.Super.* 169, 484 *A.*2d 353 (App.Div.1984).

In that case the Law Division judge stated:

The limitation to 25% in the case of an infant ... if "the matter is settled without trial" is not applicable where settlement occurs after all parties have presented all their evidence and rested. The purpose of the rule—to reduce the percentage where no substantial portion of the trial has occurred—would not be served by reducing the fee after 18 days of trial and when only summations and charge remained prior to submission of the case to the jury. Settlement should always be encouraged, even after a lengthy trial, to preclude the possibility of appeal and retrial. [192 *N.J.Super.* at 123–124, 469 *A.*2d 103]

This case was settled, subject to the Attorney General's approval, before it reached the trial judge. The fact that it required almost two days before the approval was obtained, during which time the court ordered the matter to proceed, does not remove the 25% limitation on contingency fees for amounts recovered for the benefit of infants. The approval was expected and the trial time was minimal. This is not a case such as *Iskander v. Columbia Cement Co., Inc., supra,* which required 18 days to complete the testimony before it was settled. Proceeding to trial did not in any way cause the settlement in the present case; the settlement had already been accomplished.

A lawyer cannot avoid the 25% limitation by selecting a jury and then settling the case.

## IV.

The statement of plaintiff's attorney that this was a difficult liability case is true. Plaintiff, the guardians *ad litem* and the court all believe that he rendered excellent professional services. This fact is not relevant as to whether or not the 25% limitation applies. It would, however, be relevant in an application made to the assignment judge if the attorney considers the fee permitted by paragraph (c) to be inadequate. *R.* 1:21–7(f). At such a hearing the position of the administratrix *ad prosequendum* and guardians *ad litem,* although not controlling,

266

would be entitled to consideration. *Murphy v. Mooresville Mills*, 132 *N.J.Super.* 197, 200, 333 *A.*2d 273 (App.Div.1975).

Motion to permit plaintiff's attorney a contingent legal fee in excess of 25% of the settlement is denied.