227 N.J. Super. 614 (1988)
548 A.2d 242
CLAUDETTE W. LOVELY, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF THOMAS K. WOODLEY, JR., AN INFANT, DECEASED, PLAINTIFFS,
v.
RAHWAY HOSPITAL, HUMBERTO CAMPOS, M.D., DR. TONZOLA, JOHN DOE, M.D. (FICTITIOUS NAME), AND DAVID DOE, (FICTITIOUS NAME), DEFENDANTS.
Superior Court of New Jersey, Law Division Union County.
Decided July 18, 1988.
*615 Kenneth M. Sunberg, for Claudette W. Lovely (Hausman & Sunberg, attorneys).
Ernest H. Thompson, Jr. for Thomas Woodley, Sr.
MENZA, J.S.C.
This case involves the distribution of the proceeds of a *616 settlement for the wrongful death of a minor child.[1] The decedent, Thomas Woodley, Jr., the son of Claudette Lovely and Thomas Woodley, Sr., died on July 14, 1983, at the age of 14 years. Thomas was one of two children born of the marriage, the other being Shalona Woodley, one year younger than Thomas. Mrs. Lovely and Mr. Woodley, Sr., were separated in June 1975, and divorced in December 1976, when Thomas was six years of age. Thomas had always resided with his mother. He received support from his father by virtue of a court order. He was neither an exceptional child nor an unexceptional child, but he was a good son who contributed to the household chores and otherwise helped his mother.
According to Mrs. Lovely and the witnesses she presented, Thomas rarely saw his father and had a sparse relationship with him. According to Mr. Woodley, Sr., and his witnesses, Thomas saw his father somewhat often and did have a relationship with him, albeit not a very close one.
It is clear from the credible testimony that Thomas had only minimal contact with his father, and that his relationship with him was slight. In contrast, it is clear that his relationship with his mother was a warm and loving one.
Mrs. Lovely contends that she was dependent upon her son, at the time of his death, for his services, companionship and advice, and that she is, therefore, under the distribution statute, entitled to all, or at least the greater portion, of the proceeds of the settlement. She contends that it was she, not Mr. Woodley, who sustained a loss as a result of Thomas' death, and that this loss defines not only the measure of damages, but the basis and yardstick of her entitlement to those damages.
Mr. Woodley responds that dependency under the statute is defined in terms of actual support in the nature of financial contributions or valuable services, not in terms of pecuniary *617 value of companionship and advice. He contends, therefore, that Mrs. Lovely was not dependent upon Thomas at the time of his death.
Damages, in wrongful death actions, are for the pecuniary loss that the survivors suffer as a result of the death of the decedent, and includes the loss of expected financial contribution and the pecuniary loss of future services, companionship and advice. N.J.S.A. 2A:31-5; Green v. Bittner, 85 N.J. 1, (1980).
The amounts recovered are distributed in accordance with N.J.S.A. 2A:31-4, which provides:
The amount recovered in proceedings under this chapter shall be for the exclusive benefit of the persons entitled to take any intestate personal property of the decedent, and in the proportions in which they are entitled to take the same. If any persons so entitled were dependent on the decedent at his death, they shall take the same as though they were sole persons so entitled, in such proportions, as shall be determined by the court without a jury, and as will result in a fair and equitable apportionment of the amount recovered, among them. .. . [Emphasis supplied]
It is not necessary for one to be totally dependent upon the decedent in order to take as a dependent under the statute. Partial dependency may suffice. In Bohrman v. Pennsylvania Railroad Co., 23 N.J. Super. 399 (App.Div. 1952), the court, in interpreting R.S. 2:47-4, the predecessor statute to N.J.S.A. 2A:31-4, stated:
The dependency referred to in the statute must be actual, though not necessarily legal, and may be partial and not necessarily total dependency. The degree of dependence is not as important as the fact that it be more than mere reception of benefits and partake of the character of reliance upon the receipt of the care, service or favor, in whatever quantity it may be. [at 405]
See also Carianni v. Schwenker, 38 N.J. Super. 350 (App.Div. 1955); Turon v. J. & L. Construction Co., 8 N.J. 543 (1952) (partial dependency in substantial degree will meet the statutory criterion).
Prior to the case of Green v. Bittner, supra, dependency under the distribution statute was defined in terms of maintenance and services, the same elements which comprised the measure of damages under the wrongful death act. Turon v. *618 J. & L. Construction, supra. Thus, a survivor who relied, either partially or totally, on a decedent's earnings and services at the time of his death was considered to be the person dependent upon the decedent, thereby permitting him to take all, or the greater share, of the proceeds.
Bittner expanded the scope of damages which could be awarded to the survivor in a wrongful death action by permitting recovery not only for anticipated contributions and services, but also for the pecuniary value of a child's companionship to his parents as they grow older, and the advice and guidance which accompanies it. The Court stated:
We hold that in addition, the jury should be allowed, under appropriate circumstances, to award damages for the parents' loss of their child's companionship as they grow older, when it may be most needed and valuable, as well as the advice and guidance that often accompanies it. As noted later, these other losses will be confined to their pecuniary value....
....
We intend, by so holding, to give juries in wrongful death cases involving children the same ability to do justice to their parents, within the limits of existing legislation, as they now have under our cases when children lose a parent. [85 N.J. at 4-5]
In light of the court's stated intention, it would seem logical to conclude that not only should future loss of companionship have a pecuniary value, but that the companionship which a child affords to a parent during the child's lifetime should also have pecuniary value. Under the circumstances, dependency under the distribution statute should be defined not only in terms of contributions and services, but also in terms of companionship and advice. Other courts agree. In Wolff v. Mercer Medical Center, 220 N.J. Super. 360 (App.Div. 1987), the court concluded that although the surviving spouse and child, who was 12 years old at the time of the death of the decedent, were entitled to the overwhelming share of the monies, the two adult children were also entitled to some minimal allocation. The court stated:

*619 What we have said above, however, does not necessarily exclude the remaining siblings who may be entitled to some small share of the fund. It is within this atmosphere of a fair and equitable distribution that the remaining siblings may be considered. To that end, Green v. Bittner, 85 N.J. 1 (1980) is instructive.... [Id. at 366]
In Contento v. Contento, 210 N.J. Super. 601 (Ch.Div. 1986), the court held that equitable distribution was called for between the mother and the wife of the decedent, where the mother's Bittner claim formed the basis of the settlement and the wife was not financially dependent on the husband.
There are ample proofs in this case to demonstrate that although Thomas made no direct contribution of money to his mother, he did provide her with services, companionship and advice. The court concludes, therefore, that Mrs. Lovely was partially dependent upon her son, Thomas, for the services, companionship and advice he afforded to her during his lifetime. Allocation of the settlement monies should be made in accordance with this partial dependency.
The statute gives a trial court wide discretion in determining the distribution percentages in such cases as this. Jurman v. Samuel Braen, Inc., 47 N.J. 586, 602 (1966). In exercising my discretion, this court concludes that a fair and equitable distribution of the proceeds of the settlement warrants an award of 80% of the net proceeds of the settlement to Mrs. Lovely, and 20% of the net proceeds to Mr. Woodley, Sr.
NOTES
[1] The total settlement was $170,000, of which $10,000 was allocated to a survivorship claim, and the balance to the wrongful death claim.