132 N.J. Super. 197 (1975)
333 A.2d 273
KELLY MURPHY, AN INFANT BY HER GUARDIAN AD LITEM, HAROLD MURPHY AND HAROLD MURPHY, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
MOORESVILLE MILLS, A DIVISION OF BURLINGTON INDUSTRIES, INC., SAM LANDORF & CO., INC. DOING BUSINESS AS YOUNGLAND VENTURES, INC., AND BAMBERGER'S NEW JERSEY, A DIVISION OF R.H. MACY & CO., DEFENDANTS-RESPONDENTS,
v.
MOORESVILLE MILLS, A DIVISION OF BURLINGTON INDUSTRIES, INC., THIRD-PARTY PLAINTIFF,
v.
GENERAL MOTORS CORP., THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 14, 1975.
Decided January 29, 1975.
*198 Before Judges HALPERN, CRAHAY and ACKERMAN.
Mr. Stephen S. Weinstein, attorney for appellants (Mr. Herbert M. Korn on the brief).
No brief was filed for respondents.
The opinion of the court was delivered by CRAHAY, J.A.D.
This appeal is addressed to the propriety of counsel fee in a tort action in which a substantial settlement was procured for a seriously injured infant and her guardian ad litem.
Following a hearing approving the settlement plaintiffs' counsel moved before the assignment judge for determination of a reasonable fee pursuant to R. 1:21-7(f). The application was for a fee representing 30% of plaintiffs' net settlement. The assignment judge was of the opinion that the sought fee was fair, reasonable and proper but he questioned his authority to grant it on the ground that the relaxation provisions of R. 1:21-7(f) may not apply to infant settlements.
Counsel fees in infant tort cases are governed by R. 1:21-7 "(Contingent Fees)" which provides, in pertinent part:
*199 * * *
(c) In any matter where a client's claim for damages is based upon the alleged tortious conduct of another, including products liability claims, * * * an attorney shall not * * * collect a contingent fee in excess of the following limits:
* * *
(6) where the amount recovered is for the benefit of an infant * * * and the matter is settled without trial the foregoing limits shall apply except that the fee on any amount recovered up to $50,000 shall not exceed 25%.
The outer limits established on contingent fees are not absolute. R. 1:21-7(f) provides that
(f) If at the conclusion of a matter an attorney considers the fee permitted by paragraph (c) to be inadequate, an application on written notice to the client may be made to the Assignment Judge for the hearing and determining of a reasonable fee in light of all the circumstances. * * *
See Amer. Trial Lawyers Ass'n. v. N.J. Supreme Ct., 126 N.J. Super. 577, 583 (App. Div. 1974), aff'd 66 N.J. 258 (1974).
We perceive nothing in the rule or in reason which would warrant limiting the rule's relaxation provision to all contingent fee cases except those involving infants. It is significant that in structuring the rule the Supreme Court caused the relaxation provisions thereof, R. 1:21-7(f), to follow the limitation provisions, R. 1:21-7(c)  the former silent as to exceptions. The determinants of fee reasonableness, following an assertion of inadequacy, are "all the circumstances". When the rule is read as a whole it evidences a clear intention to make all contingent fees, including those in infants' tort cases, subject to increase with court approval in special cases.
The circumstances here need not be detailed at length. It is enough to note that the matter was a products liability case wherein infant plaintiff suffered serious burns. The factual and legal issues as reflected in the pretrial order were difficult and complex, involving a variety of disparate contending parties. The record supports a finding that counsel's *200 efforts were long, arduous and assiduous in achieving an excellent result for plaintiffs. We observe that, while not controlling, both the guardian ad litem, the infant's father and her mother consented to the increased fee. The record amply supports the assignment judge's conclusion that the sought fee was reasonable and would have been allowed by him except for his too narrow reading of the rule.
The matter is remanded to the trial court for further proceedings in conformity with this opinion.