145 N.J. Super. 593 (1976)
368 A.2d 935
EDWARD BOLLE AND JOYCE BOLLE, PLAINTIFFS-APPELLANTS,
v.
COMMUNITY MEMORIAL HOSPITAL, ET AL., DEFENDANTS, AND KLITZMAN, KLITZMAN & GALLAGHER (TRIAL ATTORNEYS BELOW), RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 13, 1976.
Decided December 30, 1976.
*594 Before Judges BISCHOFF, MORGAN and E. GAULKIN.
Mr. Henry Farer argued the cause for appellants (Messrs. Farer & Krueger, attorneys).
Mr. William B. Gallagher, Jr., argued the cause for respondents (Messrs. Klitzman, Klitzman & Gallagher, attorneys).
PER CURIAM.
Plaintiffs Edward Bolle and Joyce Bolle appeal from a court order allowing their attorneys a fee in excess of that authorized by the fee schedule established in R. 1:21-7.
Plaintiff Edward Bolle (36 years of age) received a severe leg injury from a boat propeller on August 10, 1968. A gas gangrene infection developed while he was under medical treatment and amputation of the leg eventuated.
Plaintiffs engaged attorney Morton Weitzman to represent them in the prosecution of a medical malpractice action against the hospital and doctors allegedly responsible. The signed retainer agreement provided for a contingent fee arrangement of 33 1/3%.
Weitzman undertook an investigation of the case, filed a complaint and then referred the matter to Klitzman, Klitzman and Gallagher, respondents herein. They conducted the necessary pretrial proceedings and discovery, as well as a five-day trial which resulted in a verdict for plaintiffs of $150,000. Defendants appealed and the judgment was affirmed by the Appellate Division.
*595 Respondents' fee, computed on the $150,000 verdict and post-judgment interest in accordance with the fee schedule established by R. 1:21-7(c)[1], was $33,629.55. Respondents applied, on due notice to plaintiffs and pursuant to R. 1: 21-7(f), for a fee allowance in excess of that authorized by R. 1:21-7(c). This application was supported by an affidavit detailing the general nature of the work and effort expended in the successful representation of plaintiffs. A hearing on the application was held before a judge other than the trial judge (the trial judge having resigned), who ruled that:
I'm satisfied from a review of the file that this was an exceptionally difficult case, it was exceptionally time consuming, it required exceptional skill and the results obtained were excellent.
It was a case that I consider was in the mind of the rule-makers when this rule was adopted and I feel that the one-third  full one-third fee is appropriate in this case and, therefore, I will award the additional $19,925.48 to counsel.
Plaintiffs appeal from the order awarding the increased counsel fee.
R. 1:21-7(f) provides:
If at the conclusion of a matter an attorney considers the fee permitted by paragraph (c) to be inadequate, an application on written notice to the client may be made to the Assignment Judge for the hearing and determining of a reasonable fee in light of all the circumstances.
Upon the hearing of an application for an increased fee the judge is to determine what is a "reasonable fee in *596 light of all the circumstances." This rule applies to all cases where a claim for damages is based upon the alleged tortious conduct of another. This includes the conduct of a medical malpractice action. Cf. Murphy v. Mooresville Mills, 132 N.J. Super. 197, 199 (App. Div.), certif. den. 68 N.J. 106 (1975). Respondents admit to considerable experience and expertise in that field.
The affidavit submitted to the court by respondents on the application for an increased fee details the work actually performed, but there is nothing from which we can determine that the work performed was more difficult or time-consuming than that normally encountered in medical malpractice actions. There was no testimony or other evidence presented to demonstrate that a fee of $33,629.55 was unreasonably low, nor to establish that a full one-third fee would be proper and reasonable. State v. U.S. Steel Corp., 22 N.J. 341, 360-361 (1956).
Respondents did not produce a record of time actually spent on the case. While it may be true, as they assert, that it is not usual to keep such records in this type of case, an application for an increased fee could be better evaluated if such records were kept and produced.
We do not mean to imply that no case for increased fees under R. 1:21-7(f) could be made in the absence of time records, nor that every medical malpractice case or other specialized area of litigation necessarily requires expert testimony to substantiate such claims. Each case must rest on its own peculiar facts, and we do not and cannot now anticipate the vagaries of litigation concerning which an attorney may seek to establish a fee in excess of that allowed by R. 1:21-7(c).
Nor do we in any way denigrate the value of the services performed by respondents, nor detract from the success which resulted from their efforts, but the record is devoid of any evidence from which we can conclude that:
(1) the fee of $33,629.55 allowed under the rule is not reasonable compensation for the services actually rendered;
*597 (2) the case presented problems which required exceptional skills beyond that normally encountered in medical malpractice actions, or
(3) the case was unusually time-consuming, considering that it was a medical malpractice case.
All that is presented by the record is a successful prosecution of a medical malpractice claim involving the expenditure of time, efforts and expertise. This is required in any medical malpractice action.
The record before us does not demonstrate why the services rendered were exceptional and entitled respondents to an additional allowance.
The order allowing the increased fee is reversed.
NOTES
[1] R. 1:21-7(c) provides: "In any matter where a client's claim for damages is based upon the alleged tortious conduct of another, including products liability claims, and the client is not a subrogee, an attorney shall not contract for, charge, or collect a contingent fee in excess of the following limits: (1) 50% on the first $1000 recovered; (2) 40% on the next $2000 recovered; (3) 33-1/3% on the next $47,000 recovered; (4) 20% on the next $50,000 recovered; (5) 10% on any amount recovered over $100,000 * * *."