LILLIAN W. BURD, PLAINTIFF, v. HACKENSACK HOSPITAL AS-
SOCIATION, ROBERT FRANKEL, SAMUEL LIPSETT, WIL-
LIAM B. OBER, STEVEN SCHUSTER AND S.M. STEWART
ANDERSON, DEFENDANTS.

Superior Court of New Jersey
Law Division

February 6, 1984.

*Robert D. Arenstein,* for plaintiff.

No appearance required by any remaining parties.

SIMPSON, A.J.S.C.

This is an application under *R.* 1:21–7(f)—prior to revision of *R.* 1:21–7 effective as to fee arrangements entered after January 15, 1984—for an increased attorney's fee in excess of the amount allowable pursuant to *R.* 1:21–7(c).

In July 1980 a surgical biopsy of plaintiff's left breast was misdiagnosed by a pathologist as benign when it was in fact malignant. As a result a tumor was removed, but another developed about a year later and in September 1981 a complete radical mastectomy was required due to the then existing stage III metastatic breast cancer. The doctor admitted the error;

the jury found malpractice and that such negligent deviation from accepted standards of medical practice was the proximate cause of the injury to plaintiff; and the damages verdict was $325,000. Disbursements were $8,436.24 (of which plaintiff advanced $6,555.36) and the *R.* 1:21–7(d) net aggregate recovery was therefore $316,563.76. Prejudgment interest, pursuant to *R.* 4:42–11(b) was about $65,000, for a gross award of about $390,000. To avoid a threatened appeal, plaintiff agreed to a $15,000 reduction of the prejudgment interest and accepted a gross sum of $375,000.

The requested fee is a flat one-third of the net aggregate recovery or 33⅓% of $316,563.76, which is $105,521.25. *R.* 1:21–7(d) and *R.* 4:42–11(b) preclude counsel fees on prejudgment interest and no such request is made. Plaintiff fully supports the request since she signed a New York retainer on the basis of a one-third contingent fee, and because she will net more than she expected prior and during trial when settlement negotiations were going on. This concurrence is entitled to consideration, but is not controlling. *Murphy v. Mooresville Mills,* 132 *N.J.Super.* 197 (App.Div.1975); *Daly v. A & P,* 191 *N.J.Super.* 622 (Law Div.1983). It is virtually impossible for lay persons to make informed judgments as to the reasonableness of attorneys' contingent fees, since they do not have the experience required to make a comparative evaluation of the factors involved in a particular case against the presumed reasonableness of the percentages set forth in *R.* 1:21–7. *Landgraf v. Glasser,* 186 *N.J.Super.* 381, 385 (Law Div.1982); *Iskander v. Columbia Cement Co.,* 192 *N.J.Super.* 114 (Law Div. 1983).

As in *Merendino v. FMC Corp.,* 181 *N.J.Super.* 503 (Law Div.1981), this is a case that for fee purposes falls somewhere between the situations in *Murphy v. Mooresville Mills, supra,* and *Bolle v. Community Memorial Hospital,* 145 *N.J.Super.* 593 (App.Div.1976). In view of the excellent result and plaintiff's satisfaction, it is a situation where the 10%

multiplier under *R.* 1:21–7(c)(6) should be increased to 20%. *Merendino, supra; Pacillo v. Harris Mfg. Co.,* 182 *N.J.Super.* 322 (Law Div.1981); *Tobias v. Autore,* 182 *N.J.Super.* 328 (Law Div.1982); *Landgraf, supra; McNelis v. Cohen,* 188 *N.J.Super.* 87 (Law Div.1982); and *Iskander, supra.* Under *R.* 1:21–7(f) a reasonable fee in light of all the circumstances is $72,779.42 calculated as follows:

| R. 1:21–7(c) | % | On | Totals |
|---|---|---|---|
| (1) | 50 | $ 1,000.00 | $ 500.00 |
| (2) | 40 | 2,000.00 | 800.00 |
| (3) | 33⅓ | 47,000.00 | 15,666.67 |
| (4) | 25 | 50,000.00 | 12,500.00 |
| (5) | 20 | 150,000.00 | 30,000.00 |
| (6) | 10 | 66,563.76 | 6,656.38 |
| | | $316,563.76 | $66,123.05 |
| (6) | Extra 10 | | 6,656.37 |
| | | | $72,779.42 |

██ Two troublesome aspects of the application are the absence of time records to support the requested increase and the apparent influence of a "referral fee" to a New York attorney. No time records were submitted except an estimate of "at least 500 hours of time" and this is a serious deficiency in the practice of law in the computerized world. *See,* for example, *Buckelew v. Grossbard,* 189 *N.J.Super.* 584 (1983). The approved counsel fee, however calculates to $145.56 per hour of estimated time.

██ The papers submitted with the application include a New York "Retainer Agreement", and two "Retainer Statements" apparently required in New York to be filed with the Judicial Conference of the State of New York. They reflect an agreement by plaintiff to pay a 33⅓% contingent fee to the New York City law firm of Arenstein & Huston, P.C. and an agreement by that firm to pay one-third thereof to a referring New

York attorney, Amy Edelstein Simon. Robert D. Arenstein is also a New Jersey attorney. His partner in New York is Barry S. Huston, and Mr. Huston was admitted *pro hac vice* in New Jersey for this case and was trial counsel. Ms. Simon is said to be "a long time acquaintance of the plaintiff" and to have been "present during six days of the eight days of trial and was invaluable in gauging the reactions of the jury as well as taking notes and propounding questions to [Huston] as trial counsel." It does not appear that any of the three attorneys are certified civil trial attorneys pursuant to *R.* 1:39; hence the referral fee may not be made pursuant to DR 2–107(A)(3) on the basis of reference to a lawyer certified as a specialist. The division must be made on the basis of services performed and responsibility assumed—as otherwise authorized by the same DR. In any event, the total must not exceed reasonable compensation for all the legal services, DR 2–107(A)(2), and that has been determined to be $72,779.42. Perhaps coincidentally, the requested $105,521.25 less one-third thereof or $35,173.75, amounts to $70,347.50—or very close to the reasonable fee allowed in this case.

The submitted order has been completed in accordance with the foregoing, and counsel should file copies of all papers on this application with the Administrative Office of the Courts pursuant to *R.* 1:21–7(f).