769 A.2d 1081 (2001)
338 N.J. Super. 442
Rebecca EHRLICH, Plaintiff/Appellant,
v.
KIDS OF NORTH JERSEY, INC., Kids Centers Of America, Inc., Kids of Bergen County, Inc., Miller Newton, Ruth Ann Newton, Raymond Edelman, M.D., A.L. Galitzin, M.D., Harry Panjwani, M.D., Zisalo Wancier, M.D., ABC Co. 1 Through 20 (being fictitious business entities whose identities are currently unknown) and John and Jane Does 1 through 30 (being fictitious persons whose identities are currently unknown), Defendant/Respondents.
Superior Court of New Jersey, Appellate Division.
Argued February 22, 2001.
Decided March 29, 2001.
*1082 Philip Elberg, Newark, argued the cause for appellant (Medvin & Elberg, attorneys; Mr. Elberg, on the brief).
No brief filed on behalf of respondents.
Before Judges BAIME and WALLACE.
The opinion of the court was delivered by WALLACE, Jr., J.A.D.
This case involves an attorney's fee awarded to plaintiff's counsel in a malpractice action that was settled on the eve of trial for 4.5 million dollars. Applicant with the approval of plaintiff, sought an enhanced fee of one-third. The Assignment Judge referred the application to the trial judge, who granted a fee allowance but less than the amount requested. Applicant seeks a remand contending that the trial judge calculated the fee based on a belief that pursuant to R. 1:21-7(f), the fees on recoveries in excess of $2,000,000 were capped at 20% of the recovery without regard to whether such calculation produced a reasonable fee in light of all the circumstances. We remand for reconsideration.
Plaintiff engaged applicant to represent her in a medical negligence case involving allegations of civil rights violations in plaintiff's treatment by defendants. She signed a standard contingency fee agreement with applicant Medvin & Elberg. A complaint was filed in June 1995. After extensive discovery the matter was settled just prior to trial in December 1999 for the sum of $4,500,000.
Pursuant to R. 1:21-7(f), applicant moved for a fee allowance in excess of the fee schedule established by R. 1:21-7(c).[1] This rule currently provides in part:
In any matter where a client's claim for damages is based upon the alleged tortious conduct of another, ..., an attorney shall not contract for, charge, or *1083 collect a contingent fee in excess of the following limits:
(1) 33 1/3% on the first $500,000 recovered;
(2) 30% on the next $500,000 recovered;
(3) 25% on the next $500,000 recovered;
(4) 20% on the next $500,000 recovered; and
(5) on all amounts recovered in excess of the above by application for reasonable fee in accordance with the provisions of paragraph (f) hereof;

[R. 1:21-7(c).]
Applicant sought a fee of one-third of the net recovery due to the unique nature of the case, the favorable settlement for plaintiff, and the public benefits that were fostered by the litigation. Plaintiff and her parents supported the fee application. Plaintiff submitted a certification wherein she expressed she fully supported a fee equal to one third of the recovery. In part she certified:
The amount that has been recovered is beyond my wildest expectations. When the defendants offered $1,500,000 to settle the case I asked Phil [Elberg] over and over again to assure me that if I followed his advice and turned the money down it would not be lost forever. I am glad I trusted him.
One of the things that [he] did was obtain the help of many of the other victims.... I believe that was possible only because he convinced them of his sincere belief that what happened to them was horrible and that something had to be done about it.
In a letter to the judge, plaintiff wrote in part that her attorney should be "awarded 1/3 of the settlement in this malpractice case because he has gone above and beyond in working for this case to make sure I got the settlement I deserved."
The motion judge, who was also the judge who pretried the case and would have been the trial judge but for the settlement, determined that applicant was "entitled to an enhanced fee for his heroic advocacy on behalf of plaintiff." Although recognizing that amendment to the rule had been held not to be retroactive, the judge determined that it would be appropriate and fair to grant an enhanced fee as follows:
(a) 33 1/3% on the first $500,000;
(b) 30% on the next $500,000; and
(c) 20% on all amounts in excess of the above.
Consequently, the judge approved a fee in the amount of $1,003,501 plus expenses of $65,826.69.
Applicant sought reconsideration. In denying the motion, the trial judge explained that he thought the intent of the rule was to "cap out the recovery at a max of twenty percent over what the rule provides." Applicant inquired if the judge would have awarded a larger fee if the fee were not capped at twenty percent. The judge replied:
I don't think I ever got there, but I'd be candid to say that, quite frankly, I probably would have considered a larger fee simply because I acknowledged in the note that I sent to you, and I acknowledge again, the heroic work that you did with regard to this case.
With this background, we address applicant's contention that R. 1:27(6)(f) does not limit the excess recovery to a maximum of twenty percent. Initially, we note that under the present rule, the judge could have imposed a higher fee. That is, rather than impose a twenty-five percent fee for the $500,000 above the first $1,000,000 recovered, the judge imposed twenty percent on the balance of the recovery. We have no doubt that but for the judge's comment that he would have *1084 awarded a higher fee if the rule permitted, we would find no abuse of discretion in the fee awarded. However, in view of the judge's belief that the maximum fee that could be awarded above the first 2 million was twenty percent, we are compelled to remand for reconsideration.
In considering a fee requirement under R. 1:21-7(f), the judge is instructed to make a reasonable fee determination "in light of all the circumstances." We do not read the plain words of the rule to limit the maximum recovery above 2 million to twenty percent. See also Murphy v. Mooresville Mills, 132 N.J.Super. 197, 333 A.2d 273 (App.Div.), certif. denied, 68 N.J. 156, 343 A.2d 444 (1975)(an attorney's fee of 30% in an infant case was fair and reasonable). Rather the judge should be guided by RPC 1.5, which enumerates the factors to be considered in determining a reasonable fee. The factors are:
(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) whether the fee is fixed or contingent.

[RPC 1.5.]
Here, the affidavits and certifications submitted in support of the application for an increased fee detailed the work performed and the favorable result. Moreover, the application was supported by the plaintiff who urged the judge to approve the fee application in full. While our review of the record did not reveal evidence of the time actually spent on the case, we glean from the description of the work and the problems encountered that the time was substantial. In any event, the time devoted to the case is an important factor and should generally be included as part of any application for an enhanced fee.
We note one further point. We held in Kingman v. Finnerty, 198 N.J.Super. 14, 18, 486 A.2d 342 (App.Div.1985), that an amendment to the rule that increased contingency fees should not be given retroactivity. We agree with that conclusion. However, considering the judge's responsibility to determine a reasonable fee in light of all the circumstances, we view the plaintiff's position in favor of the application and the amendment increasing the fees as additional circumstances for the judge to consider. That is, since most of the work was incurred after the contingent fee schedule was amended effective September 1996, the judge should consider that fact as one of the circumstances in reaching the amount of a reasonable fee.
We remand for reconsideration.
NOTES
[1] Prior to the amendment effective September 1996, the fee schedule provided for maximum fees of 33 1/3% on the first $250,000, 25% on the next $250,000 and 20% on the next $500,000.