**Chester A. KING, et al., Plaintiffs,**

v.

**COUNTY OF GLOUCESTER,
et al., Defendants.**

**Civil No. 03–5863 (RMB).**

United States District Court,
D. New Jersey,
Camden Vicinage.

Feb. 26, 2007.

Sharon A. King, King & King, Esqs., Woodbury, NJ, for Plaintiffs.

William M. Tambussi, Susan M. Leming, Brown & Connery, LLP, Westmont, NJ, Michael Paul Madden, Madden, Madden & Del Duca, PC, Haddonfield, NJ, Allan E. Richardson, Collingswood, NJ, for Defendants.

## OPINION AND ORDER

SCHNEIDER, United States Magistrate Judge.

This matter is before the Court on the "Motion by King and King, LLC, for Reasonable Attorney's Fees" [Doc. No. 78].[1] The Court held a hearing on this motion on February 23, 2007. For the reasons to be discussed, the motion will be GRANTED.

*Background*

The original complaint in this case was filed on December 11, 2003 [Doc. No. 1]. The named plaintiffs are the parents and surviving heirs-at-law of Bernard A. King, deceased. Plaintiffs claim that Bernard, age 32, was beat to death by the defendants at Gloucester County Jail ("Jail") on April 9, 2003. Bernard had a history of mental illness and after he was arrested by the Monroe Township Police on April 8, 2003, he was transferred to the Jail. Plaintiffs allege that at the Jail the defendants knew Bernard was having a "mental crisis" but nevertheless severely beat him in an elevator. After the beating, Bernard was allegedly handcuffed and shackled to a bedpost in a holding cell. Bernard was pronounced dead after he was transferred to Underwood Hospital. Plaintiffs allege that Bernard's beating and subsequent death was unprovoked and that at no time did Bernard ever strike or assault any of the defendants. *See generally* Complaint, ¶¶ 1–48 [Doc. No. 1].

Plaintiffs' Complaint alleges that the defendants violated Bernard's civil rights pursuant to 42 U.S.C. § 1983, they committed assault and battery, they were negligent and were grossly negligent. Plaintiffs filed survivor and wrongful death claims. Two general categories of parties were named in the Complaint Gloucester County defendants and Monroe Township

1. King and King, LLC will hereafter be referred to as K and K.

defendants. Due to the complexity of this matter plaintiffs' complaint originally named 23 defendants. Plaintiff's Amended Complaint [Doc. No. 43] added three additional defendants. Defendants were represented by three law firms.

Since the outset of this litigation the case has been vigorously defended. To date K and K has taken 35 depositions and participated in an additional 6 depositions taken by defendants. *See* Certification of Counsel, ¶ 23 [Doc. No. 78–2]. In addition, K and K engaged in substantial pre-litigation investigation, attended numerous court-ordered discovery and settlement conferences, inspected the Jail, obtained and reviewed voluminous relevant records and retained five expert witnesses. K and K worked in excess of 4700 hours on the litigation and its file comprises 18 bankers boxes. *Id.*

On August 24, 2005, the Gloucester County defendants made a Fed.R.Civ.P. 68 Offer of Judgment to plaintiffs in the amount of $375,000. On or around October 12, 2006, plaintiffs reached a settlement with these same defendants for $3 million.

*Discussion*

On April 29, 2003, the named plaintiffs and K and K entered into an "Agreement to Provide Legal Services". The agreed upon contingency fee is identical to what is set forth at N.J.R. 1:21–7 and provides as follows:

In any matter where a client's claim for damages is based upon the alleged tortious conduct of another, ..., an attorney shall not contract for, charge or collect a contingent fee in excess of the following limits

(1) 33 1/3% on the first $500,000 recovered;

(2) 30 % on the next $500,000 recovered;

(3) 25 % on the next $500,000 recovered;

(4) 20 % on the next $500,000 recovered;

(5) on all amounts recovered in excess of the above by application for reasonable fee in accordance with the provisions of paragraph (f) hereof.

Since plaintiffs settled for an amount in excess of $2 million, K and K applied for a reasonable fee pursuant to N.J.R. 1:21–7(f). This Rule provides that an attorney must make an application to the court for "a reasonable fee in light of all the circumstances."

K and K's motion requests an award of 33 1/3% for the settlement sum in excess of $2 million. According to K and K's calculations, they are entitled to a fee of $541,666.66 on the first $2 million of the settlement sum. K and K avers they incurred $71,207.27 in total costs. After deducting litigation expenses, the plaintiffs are left with a net recovery over $2 million of $928,792.73. K and K requests 33 1/3% of this amount or $309,597. If K and K's fee request is approved it will receive total fees of $851,264.23 (29% of the recovery) and total costs in the amount of $71,207.27, resulting in the total amount of $922,471.50. There are also claims of $57,971.89 against the Estate of Bernard A. King. According to K and K if all of this is taken into account, the net recovery to the two named plaintiffs will be $2,019,556.61 or $ 1,009,778.30 per plaintiff. *See* Certification, ¶¶ 11–18.

In considering a fee request under R.1:21–7(f), a court must make a reasonable fee determination in light of all the circumstances. *Ehrlich v. Kids of North Jersey, Inc., et al.,* 338 N.J.Super. 442, 446, 769 A.2d 1081 (2001); *Wurtzel v. Werres,* 201 N.J.Super. 544, 549, 493 A.2d 611 (App.Div.1985); *see also Bolle v. Commu-*

*nity Memorial Hospital*, 145 N.J.Super. 593, 596, 368 A.2d 935 (App.Div.1976) ("Each case must rest on its own peculiar facts, and we do not and cannot now anticipate the vagaries of litigation concerning which [sic] an attorney may seek to establish a [reasonable] fee....") In determining whether a fee is fair and reasonable, a court should be guided by R.P.C. 1.5 which identifies the factors to be considered in determining a reasonable fee. These factors are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and the ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

Two especially important factors courts consider in determining a reasonable fee are whether "the case presented problems which required exceptional skills beyond that normally encountered in such cases or the case was unusually time consuming." *See Wurtzel*, 201 N.J.Super. at 549, 493 A.2d 611; *Mitzel v. Westinghouse Elec. Corp.*, 72 F.3d 414, 418 (3d Cir.1995).

█ After reviewing the totality of the background of this case in detail, this Court believes that K and K's request for a 33 1/3% fee on the settlement amount above $2 million is reasonable and appro-priate. This case was difficult to litigate and was vigorously contested by the defendants at all stages of the proceedings. The case was made even more difficult because a grand jury did not indict any of the defendants. Also, Bernard King was assailed in the press as an out-of-control 300 pound, mentally ill inmate. In order to convince the Gloucester County defendants to settle for a significant sum, K and K was compelled to conduct significant discovery and to produce comprehensive and credible expert reports. K and K's time records document the extraordinary time they spent on this case. The lawyers at K and K worked a total of 4290 hours on this litigation. *See* Supplemental Certification, ¶ 4 [Doc. No. 82]. If K and K billed the time at its hourly rate of $300 per hour (*see* Certification, ¶ 25) its bill would total $1.287 million which is more than the fee they are seeking in this application.

This Court is mindful of the significant time and effort plaintiffs' small law office spent on this matter. It is undoubtedly true that this litigation consumed a large percentage of K and K's resources(without a guarantee of any renumeration) and that this substantial investment detracted from other potentially profitable engagements K and K could accept during the three plus years this case has been pending. This is documented by K and K "Our firm consists of only two attorneys. After being retained by Plaintiffs, we were forced to turn down other cases because of the anticipated demands of this case. Since April 2003, we have clearly devoted a substantial portion of our practice to this case." *See* Certification of Counsel, ¶ 30.

This is far from a "run of the mill" case. The legal issues in this case are complex and the proceedings were "hard-fought." Nevertheless, plaintiffs' counsel litigated this case with exemplary care and skill.

The fact that the Gloucester County defendants settled for a sum eight times higher than the Rule 68 Offer of Judgment they made in August 2005, is a testament to the skill of plaintiffs' counsel. Under these circumstances a 33 1/3% fee on the amount recovered over $2 million is appropriate and justified. *See Ehrlich,* 338 N.J.Super. at 446, 769 A.2d 1081 (N.J.R.1:21–7(f) does not limit the maximum recovery above $2 million to twenty percent). K and K is entitled to a reasonable fee commensurate with its excellent result. *See · Burd v. Hackensack Hosp. Ass'n,* 195 N.J.Super. 35, 37–38, 477 A.2d 843 (N.J.Super.1984); *Merendino v. FMC Corp.,* 181 N.J.Super. 503, 511–12, 438 A.2d 365 (N.J.Super.1981); *Murphy v. Mooresville Mills,* 132 N.J.Super. 197, 199–200, 333 A.2d 273 (N.J.Super.1975).

The Court notes the two named plaintiffs submitted affidavits confirming that they agree with K and K's fee application. However, based upon relevant case law, the Court did not give any significant weight to the affidavits. The Third Circuit has noted the inherent and inevitable conflict that exists when an attorney seeks a fee pursuant to N.J.R. 1.21–7(f). *Mitzel,* 72 F.3d at 419–20; *see also Burd,* 195 N.J.Super. at 37, 477 A.2d 843 ("It is virtually impossible for lay persons to make informed judgments as to the reasonableness of attorneys' contingent fees, since they do not have the experience required to make a comparative evaluation of the factors involved in a particular case. . . .") To be sure, however, it is clear that there is no evidence of overreaching by counsel. It is just as clear that the named plaintiffs have been fully and completely informed of their rights.

Based upon the foregoing, this Court finds there is good cause to grant the Motion of Plaintiffs' Counsel for Reasonable Attorneys' Fees. The Court finds that the following distribution of the $3 million settlement is reasonable and appropriate

| | | |
|---|---|---|
| 33 1/3% × $500,000.00 = | $166.666.66 |
| 30% × $500,000.00 = | 150,000 |
| 25% × $500,000.00 = | 125,000 |
| 20% × $500,000.00 = | 100,000 |
| 33 1/3% × $928,792.73 = | 309,597.57 |
| TOTAL | = $851,264.23 |

The Court has also reviewed K and K's breakdown of its litigation costs totaling $71,207.27 and finds that they are reasonable and should be reimbursed. Accordingly, the Court finds that plaintiffs' attorneys are entitled to receive the gross sum of $922,471.50 from the $3 million settlement. This represents a total legal fee of $851,264.23 and reimbursement of $71,207.27 in costs. The balance of the $3 million settlement is payable to the named plaintiffs.

The Court Orders that plaintiffs' counsel shall distribute the settlement funds pursuant to the terms of this Opinion and Order.