GEIGER, J.S.C. (temporarily assigned).
*112 This matter presents the unresolved issue of whether the contingent attorney's fee limitation on minors' settlements imposed by Rule 1:21-7(c)(6) applies to a minor plaintiff's settlement of claims under the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -42, and the New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-1 to -2, if the plaintiff does not apply for a fee-shifting award of attorney's fees pursuant to *113 N.J.S.A. 10:5-27.1 or N.J.S.A. 10:6-2(f). The trial court held the contingent fee is subject to the limitation imposed by the rule. We affirm.
The record on appeal establishes that during the 2011-2012 school year, A.W. was a fifth grade student at Folwell Elementary School in Mount Holly Township. During that year, A.W. reported incidents of repeated bullying and intimidation by other students to the school's principal. The following school year, A.W. enrolled at F.W. Holbein Middle School, also located in Mount Holly Township. Her mother, B.W., informed the school's administrators of the abuse A.W. endured during the previous school year. Despite the alert, the bullying resumed once A.W. began attending F.W. Holbein. A.W. alleged she was subjected to ongoing harassment, intimidation, and bullying by other students, which continued on a near daily basis until, following a recommendation from her physician, she was placed on homebound instruction in October 2013. She ultimately transferred to a private school.
A.W. claimed the harassment she experienced was a manifestation of gender or perceived disability discrimination. Even after complaints to school officials, the harassment allegedly continued on a daily basis without investigation or appropriate action by school administrators. A.W. further claimed the bullying and intimidation, coupled with the school's failure to prevent or deter the harassment, caused her to suffer severe emotional distress, anxiety, depression, and Post Traumatic Stress Disorder.
A.W. retained appellant Costello & Mains, LLC to represent her in her claims against defendant Mount Holly Township Board of Education (the Board). On January 2, 2014, B.W., as natural parent and guardian of A.W., entered into an eighteen-page retainer agreement with appellant. The agreement provides for a forty-five percent contingent fee or, in the alternative, a fee based on prescribed hourly rates, whichever would be greater. The fee provisions of the agreement state:
These are contingent matters, in that the fee arises only in the event of successful conclusion by way of settlement or verdict.
*114 You have asked the firm to represent you in a matter which involves a *345 claim or claims made under either New Jersey State or Federal statutes which provide for "fee shifting." These statutes provide that for a claim such as yours, you are entitled to "shift" your legal fees and most litigation costs to the wrong-acting defendant and make an application to the Court upon successful trial of your matter to have that fee added to your recovery. The foreknowledge on the part of defendant(s) that it/they might have to pay this fee in addition to any recovery by you is also a consideration in any negotiation.
It is important that you understand that the fact that this statutory provision exists does not relieve you of the obligation to pay fees to the firm, potentially from any recovery by you.
In such matters, it is customary for the firm to keep accurate, hourly billing records as the matter progresses toward trial. If at some point an offer to settle the matter is made and the offer is made as a "lump sum" by the defendant, you agree that the firm will be compensated in the following manner:
The firm will get either 45% (forty five percent) of the total settlement figure after costs are deducted or its hourly rate accumulated to that point after costs are deducted, whichever is greater, but not both.
....
If the offer made to settle the case is made with one component for you and a separate component for the firm's fees, you agree that those components will be combined in order to determine what the total recovery is for purposes of determining the firm's 45% fee.
If the matter proceeds to trial or arbitration and a fee award is made by a Court, arbitrator or other competent trier of fact and law, you agree that the fee awarded to the firm will be added to the totality of your recovery for purposes of determining what your total recovery is with respect to the calculation of the firm's 45%. This is so because "attorney[']s fees" are part of the relief due to you at the close of such cases, and these fees thus form a part of your relief and recovery.
The agreement further enumerates the hourly rates charged by the firm's attorneys and paralegals and also contains an additional provision permitting appellant to request a still higher fee:
The firm retains the right under New Jersey Court Rules to request a fee that is higher than those provided for in this agreement, if in the firm's judgment, the firm has performed work that is in excess and thus disproportionate to the fee that it has earned. You have the right to oppose such an application or to consent to such an application if one is made. The firm will advise you if one is being made and will provide you with a copy of it at the appropriate time. The [c]ourt, arbitrator or other competent trier of fact or law retains the final decision as to whether or not a higher or additional fee is to be provided.
On March 24, 2014, plaintiff filed a three-count complaint against the Board, alleging violations of the LAD and NJCRA and demanding judgment for compensatory and punitive damages, *115 costs of suit, attorney's fees, enhanced attorney's fees, and equitable relief. Following the filing of defendant's answer, the parties engaged in discovery, which concluded on August 15, 2015. The Board then moved for summary judgment, which was denied on January 22, 2016. Shortly thereafter, the parties reached a tentative settlement, inclusive of attorney's fees and costs, in the amount of $100,000, subject to the Board's approval. The proposed settlement precluded plaintiff from applying for an award of attorney's *346 fees and costs from defendant under the fee-shifting provisions of the LAD or NJCRA. On March 9, 2016, the Board approved the settlement. The parties then agreed on the terms of a general release, which was to be executed along with a stipulation of dismissal upon approval of the settlement by the court.
Because A.W. was still a minor, appellant requested the trial court conduct a "friendly hearing" pursuant to Rule 4:44. Although Rule 1:21-7(c)(6) imposes a twenty-five percent limit on contingent fees in cases involving minor plaintiffs, appellant sought approval of the forty-five percent contingent fee provided for in the retainer agreement without moving for approval of the fee pursuant to Rule 1:21-7(f). Plaintiff did not oppose the fee sought by appellant. During the hearing, appellant elicited testimony from A.W. substantiating the merits of the complaint and testimony from B.W. regarding her understanding of the settlement. B.W. testified she understood the overall settlement amount was $100,000, the amount of costs incurred was $4692.33, and appellant's fee would be $42,888.45 pursuant to the contingent fee arrangement.
B.W. further testified she understood she was under no obligation to enter into the settlement and had the right to refuse to settle and proceed to trial, which could potentially have resulted in a greater recovery. She also testified the amount of the settlement was fair and she was satisfied with the services performed by appellant.
B.W. did not testify she understood a prevailing plaintiff could apply to the court for an award of reasonable attorney's fees and costs to be paid by defendant under the fee-shifting provisions of *116 the LAD and NJCRA. She also did not testify regarding the decision not to seek attorney's fees and costs from defendant in order to expedite a settlement. Nor was there testimony confirming she understood A.W.'s right to seek fee-shifting was being forfeited under the terms of the settlement.
In an exchange with the trial court, appellant confirmed it interpreted Rule 1:21-7(c) to mean it could charge any percentage contingent fee, even fifty-five percent, assuming the client agreed to that rate.
The trial court approved the settlement amount, finding it to be reasonable, but declined to award the forty-five percent contingent fee sought by appellant. At appellant's request, the judge refrained from entering a ruling as to the contingent fee and allowed appellant to make an application to enforce the contingent fee retainer agreement.
Appellant then moved for an order approving its forty-five percent contingent fee but did not apply for, or submit materials in support of, an enhanced fee under Rule 1:21-7(f). Plaintiff did not oppose the motion. Appellant renewed its argument that the language of the rule excludes fee-shifting cases, like those brought under the LAD and NJCRA, from the fee limitations imposed by Rule 1:21-7(c). Appellant contended there is no limit on the contingent fee percentage in LAD and NJCRA actions so long as the client agrees. In support of its argument, appellant relied on Szczepanski v. Newcomb Medical Center, Inc., 141 N.J. 346, 661 A.2d 1232 (1995) and Venegas v. Mitchell, 495 U.S. 82, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990).
The judge issued an August 4, 2016 order and comprehensive eighteen-page written decision, granting appellant's motion in part and denying it in part. The judge engaged in the following analysis:
Factually, the record shows that counsel settled this case in consultation with the minor's parents who were aware of the forty-five percent contingent fee provision *347 in their fee agreement with counsel's firm. Furthermore, they were also *117 in full agreement with counsel that they were under no obligation to enter into the settlement and could proceed to trial if they chose not to settle.
According to counsel, in the course of the settlement with the defendant, there was an apparent determination not to seek counsel fee-shifting against the defendant in order to expedite a settlement. The reasoning however, was not discussed with the minor's mother on the record at the "friendly" hearing, and no proof showing that the minor's parents were aware that fee-shifting was effectively being forfeited has been provided to the court....
However, there is a hidden benefit to counsel by waiving the right to fee-shifting in certain circumstances. Under counsel's strict and literal interpretation of the contingent fee rule exclusions, an attorney applying for an excessive contingent fee percentage seemingly protected by the [Rule] 1:21-7(c) exclusion language is in a position to receive a significantly larger fee without having to demonstrate the Lodestar analysis[1] as required under [ Rendine v. Pantzer, 141 N.J. 292, 661 A.2d 1202 (1995) ] and without having to apply for and justify an enhanced fee under [Rule ] 1:21-7(f). An award under such an analysis may be well below the unlimited contingent fee percentage. The downside is that the significant fee, rather than being justified and approved by the court and shifted on to the defendant, is instead contractually shifted back onto the client-in this case, a fifteen year-old whom counsel represents. Such a circumstance could reasonably pose a conflict as to what is in the best interest of the client against what is in the best financial interest for the lawyer-a conflict where the latter should not prevail. This potential abuse could not have been intended by the drafters of the exclusionary language.
The forty-five percent contingent fee application by counsel, even if counsel's argument is appropriate under the rule, and even with the consent of his clients, does not strip the obligation of a court to scrutinize a settlement and fees for a minor or mentally incapacitated person.
[ (citations and footnotes omitted).]
The judge awarded appellant a fee of twenty-five percent of the net recovery, reasoning it was
a fair and reasonable outcome for a settled case after a motion for summary judgment was denied and the plaintiff chose not to go to trial. As previously mentioned, had counsel limited his fee to twenty-five percent he would have still been able to apply for an enhancement to the fee in accordance to [Rule ] 1:21-7(f), which would have necessarily been scrutinized by the court.
Thus, in circumstances where the causes of action are discrimination based within the context of the fee limitation exclusion language under [Rule ] 1:21-7(c) and where there is no pursuit by counsel of fee-shifting under those respective statutes, and counsel alternatively pursues a contingent fee percentage, such *118 percentage should be limited in compliance with the maximum fee limitations within the rule. In other words, where fee-shifting occurs, the [Rule ] 1:21-7(c) fee imitations do not apply as per the exclusion language. However, if counsel chooses to obtain fees alternatively through a percentage *348 contingent fee agreement, then such limitations should apply, absent an enhanced fee application as provided for ... under the court rule.
Additionally, under the circumstances of this case, the court finds that the fee itself is an unreasonable overreaching. The minor's settlement following the failed summary judgment motion without a trial, after the forty-five percent fee reduction and costs, is only slightly above fifty percent of the total $100,000 settlement. This is an unconscionable result.
While counsel contends that the limitations of [Rule ] 1:21-7 do not apply in this case, even if true, the twenty-five percent limitation for minors contained in the rule provides guidance as to the reasonableness determination of such an agreement. Here, nothing has been provided to the court to show the reasonableness of the forty-five percent fee other than the assertions made by counsel that the fee limitations mechanically do not apply and the minor's parents were aware of the fee percentage. Nothing, however, was discussed with the minor's parent at the "friendly" hearing regarding the possibility of fee-shifting or that it was being forfeited as a result of the settlement.
The court is well within its rights to award a different fee percentage when the fee agreement is determined to be unreasonable. In light of the absence of proof submitted to the court as to whether the parents of the minor were fully aware that they were forfeiting fee-shifting and the lack of any other proof regarding the reasonableness of the fee agreement, the court concludes the agreement to be an unreasonable overreaching.
[ (citation omitted).]
This appeal followed. Appellant argues "the trial court erroneously applied [Rule ] 1:21-7(c)" by "rewriting the contract entered into between plaintiff and her counsel."
Ordinarily, our review of a trial court's decision concerning a fee is limited. Such fee determinations by trial courts should be disturbed "only on the rarest occasions, and then only because of a clear abuse of discretion." Rendine, 141 N.J. at 317, 661 A.2d 1202 ; see also Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444, 771 A.2d 1194 (2001) (citing the "deferential standard of review" mandated by Rendine ). "A trial court decision will constitute an abuse of discretion where the decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Saffos v. Avaya Inc., 419 N.J. Super. 244, 271, 16 A.3d 1076 (App. Div. 2011) (alteration *119 in original) (citations omitted). However, we need not defer to a trial court's interpretation of the law. In re Estate of F.W. v. State of N.J., Div. of Youth and Family Servs., 398 N.J. Super. 344, 355, 942 A.2d 48 (App. Div. 2008) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995) ). We undertake a de novo review when analyzing questions of law raised in an application to approve a fee request.
Contingent fees are both authorized and circumscribed by Rule 1:21-7. Subsection (c) of the rule imposes percentage limits on contingent fees "[i]n any matter where a client's claim for damages is based upon the alleged tortious conduct of another ... but excluding statutorily based discrimination and employment claims." As to adult claimants, the rule imposes a graduated schedule of maximum contingent fees based on the amount recovered. R. 1:21-7(c)(1)-(5). However, a lower percentage limit is imposed on contingent fees "where *349 the amount recovered is for the benefit of a client who was a minor or mentally incapacitated when the contingent fee arrangement was made" and the settlement is reached "before empaneling of the jury or, in a bench trial, the earlier to occur of plaintiff's opening statement or the commencement of testimony of the first witness."R. 1:21-7(c)(6). In such instances, the contingent fee "shall not exceed [twenty-five percent]." Ibid.
Subsection (f) of the rule permits an attorney who considers the maximum fee allowed by subsection (c) to be inadequate to apply to the Assignment Judge, on notice to the client, for approval of an enhanced fee. "On that kind of application, the burden is on the attorney to show the fee permitted by the schedule is inadequate." In re Estate of F.W., 398 N.J. Super. at 356, 942 A.2d 48.
In order to be entitled to an increased fee over and above that provided for by ... paragraph (c) the attorney must demonstrate that (1) the fee allowed under the rule is not reasonable compensation for the services actually rendered, and (2) the case presented problems which required exceptional skills beyond that normally encountered in such cases the case was unusually time consuming.
[ Wurtzel v. Werres, 201 N.J. Super. 544, 549, 493 A.2d 611 (App. Div. 1985).]
*120 However, an application under subsection (f) "shall not preclude the exercise of a client's existing right to a court review of the reasonableness of an attorney's fee." R. 1:21-7(f).
Appellant did not avail itself of the opportunity to apply for approval of an enhanced fee pursuant to Rule 1:21-7(f). Nor did appellant demonstrate exceptional circumstances or provide an affidavit of services addressing the criteria set forth in the New Jersey Rules of Professional Conduct (RPC) 1.5(a). See R. 4:42-9(b).
We further note that the trial court must conduct a hearing to determine whether a settlement is fair and reasonable before approving a proposed settlement involving minor or mentally incapacitated claimants. R. 4:44-3. In addition, "[t]he court, on the request of the claimant or the claimant's attorney or on its own motion, may approve the expenses incident to the litigation, including attorney's fees." R. 4:44-3. "Unless judicial approval is obtained pursuant to this rule, a minor is not bound by his parent's settlement of his cause." Pressler & Verniero, cmt. 1 on R. 4:44-3 (citing Colfer v. Royal Globe Ins. Co., 214 N.J. Super. 374, 519 A.2d 893 (App. Div. 1986) ; Moscatello ex rel. Moscatello v. UMDNJ, 342 N.J. Super. 351, 360-61, 776 A.2d 874 (App. Div. 2001) ). Here, plaintiff requested the trial court approve the litigation costs, including attorney's fees, during the friendly hearing.
Appellant argues statutorily based discrimination actions are categorically excluded from the fee limits imposed by Rule 1:21-7(c)(6). Thus, appellant contends it is entitled to collect a consensual forty-five percent contingent fee from a minor plaintiff in this action brought under the LAD and NJCRA without having to obtain judicial approval of the reasonableness of the fee pursuant to Rule 1:21-7(f).
If we were to adopt appellant's interpretation of Rule 1:21-7(c), attorneys could enforce any consensual contingent fee arrangement in statutory discrimination actions, no matter how high the percentage contingent fee, without any judicial review of the reasonableness of the fee, whenever the plaintiff does not make a *121 fee-shifting application. However, even when a plaintiff makes a fee-shifting application, the fee awarded must be reasonable.
"In interpreting a court rule, we apply the ordinary canons of statutory interpretation."
*350 State v. Tier, 228 N.J. 555, 564, 159 A.3d 388 (2017) (citing Wiese v. Dedhia, 188 N.J. 587, 592, 911 A.2d 479 (2006) ). A basic canon of construction is that "statutes should be interpreted in a manner that avoids unreasonable or absurd results." In re Johnny Popper, Inc., 413 N.J. Super. 580, 589, 997 A.2d 257 (App. Div. 2010) (citing Strasenburgh v. Straubmuller, 146 N.J. 527, 541, 683 A.2d 818 (1996) ).
We hold the amendment to Rule 1:21-7(c), "excluding statutorily based discrimination and employment claims," was not intended to create the untenable result appellant suggests. It would make little sense to permit unrestricted and unreasonable contingent fees in cases in which a fee-shifting application is not made but limit fee-shifted awards to reasonable amounts. On the contrary, our court rules, rules of professional conduct, fee-shifting discrimination statutes, fee arbitration procedure, and interpretive case law universally require all attorney's fees to be reasonable.
We start our analysis by emphasizing the mandate imposed by Rule 1:21-7(e). "In all cases contingent fees charged or collected must conform to RPC 1.5(a)." R. 1:21-7(e). " RPC 1.5(a), in turn, prescribes that '[a] lawyer's fee shall be reasonable.' " Twp. of West Orange v. 769 Associates, LLC, 198 N.J. 529, 542, 969 A.2d 1080 (2009) (alteration in original); see also Ehrlich v. Kids of North Jersey, 338 N.J. Super. 442, 446-47, 769 A.2d 1081 (App. Div. 2001) (applying the reasonableness factors of RPC 1.5(a) to an application under Rule 1:21-7(f) for an enhanced contingent fee); H. Rosenblum, Inc. v. Adler, 221 N.J. Super. 507, 510 n.1, 535 A.2d 22 (App. Div. 1987) (stating "all attorney fees are always subject to judicial supervision respecting reasonableness").
Ostensibly, appellant argues that, no matter the content, contingent fee arrangements in statutorily based discrimination actions are enforceable as written, provided they are entered into voluntarily and without fraud or overreaching. We disagree.
*122 Since the adoption of our State Constitution in 1947, the Supreme Court "has exercised plenary, exclusive, and almost unchallenged power over the practice of law in all of its aspects." In re LiVolsi, 85 N.J. 576, 585, 428 A.2d 1268 (1981). "Given the critical importance of the constitutional power of this Court over the practice of law, and its pervasiveness, ... we have no doubt that the power extends to every aspect of fee arrangements between lawyers and clients." Ibid. This includes the Court's authority to limit contingent fees and to "disregard completely fee arrangements in all matters (if they are unreasonable)." Id. at 585-86, 428 A.2d 1268 (citing Steiner v. Stein, 2 N.J. 367, 372, 66 A.2d 719 (1949) ). Although characterizing attorney-client fee disputes as actions for breach of contract, the Court in Steiner went on to recognize this State's courts of equity have traditionally "exercised jurisdiction to supervise at the behest of the client an attorney's conduct toward his client," and in doing so, have "invoked a variety of remedies" including "revising or cancelling contracts for services [and] determining the just and reasonable sum due the attorney from his client." Steiner, 2 N.J. at 372, 66 A.2d 719.
"In light of the unique and special relationship between an attorney and a client, ordinary contract principles governing agreements between parties must give way to the higher ethical and professional standards enunciated by our Supreme Court." Cohen v. Radio-Electronics Officers Union, 275 N.J. Super. 241, 259, 645 A.2d 1248 (App. Div. 1994), modified on other *351 grounds, 146 N.J. 140, 679 A.2d 1188 (1996). "While contingent fees are permitted in New Jersey, they always have been subject to strict supervision by the courts." Amer. Trial Lawyers Ass'n v. N.J. Supreme Court, 126 N.J. Super. 577, 588, 316 A.2d 19 (App. Div.) (citations omitted), aff'd, 66 N.J. 258, 330 A.2d 350 (1974). "[C]ontingent fee arrangements involve unique problems in the attorney-client relationship, including those arising from the establishment by contract of a method for compensation which bears no direct relationship either to the effort expended by the attorney or the actual value of the services." Id. at 592, 316 A.2d 19. To prevent such disparity from resulting in overreaching, the Court adopted *123 Rule 1:21-7(c) to "establish [ ] the outer limits of permissible contingent fees in tort litigation." In re Estate of F.W., 398 N.J. Super. at 358, 942 A.2d 48 (quoting Amer. Trial Lawyers Ass'n, 126 N.J. Super. at 587, 316 A.2d 19 ).
"A lawyer's fee must be reasonable." Rosenberg v. Rosenberg, 286 N.J. Super. 58, 69, 668 A.2d 84 (App. Div. 1995) (citing RPC 1.5(a) ). Attorney fee agreements "are subject always to the overriding precept that any fee arrangement must be reasonable and fair to the client." N.J. Advisory Comm. on Professional Ethics Op. 644 (Oct. 11, 1990). "Whether fees are reasonable is subject to judicial review." Rosenberg, 286 N.J. Super. at 69, 668 A.2d 84. "Attorneys have never had the right to enforce contractual provisions for more than a fair and reasonable fee. They are not businessmen entitled to charge what the traffic will bear." Amer. Trial Lawyers Ass'n, 126 N.J. Super. at 591, 316 A.2d 19. "Consequently, courts scrutinize contracts between attorneys and clients to ensure they are fair." Cohen, 146 N.J. at 155, 679 A.2d 1188 ; see also Rosenberg, 286 N.J. Super. at 69, 668 A.2d 84 (explaining "transactions between an attorney and the attorney's client are subject to close judicial scrutiny"). "[T]he attorney bears the burden of establishing the fairness and reasonableness of the transaction." Cohen, 146 N.J. at 156, 679 A.2d 1188 (citing In re Nichols, 95 N.J. 126, 131, 469 A.2d 494 (1984) ; In re Gallop, 85 N.J. 317, 322, 426 A.2d 509 (1981) ).
In 1978, our Supreme Court adopted Rule 1:20A establishing Fee Arbitration Committees to afford a "swift, fair and inexpensive method of resolving fee disputes" between attorneys and their clients through compulsory arbitration. LiVolsi, 85 N.J. at 602, 428 A.2d 1268 ; accord Saffer v. Willoughby, 143 N.J. 256, 263, 670 A.2d 527 (1996). "When a client requests fee arbitration, participation by the attorney is mandatory." Saffer, 143 N.J. at 264, 670 A.2d 527 (citing R. 1:20A-3). "The attorney has the burden of proving the reasonableness of the attorney's fee by a preponderance of the evidence ... based on the factors set forth in RPC 1.5." Ibid. (citing R. 1:20A-3(b)(1) ). "The determination of the committee is *124 binding and generally cannot be appealed on the merits." Ibid. (citing R. 1:20A-3(c) ). Except for fee disputes in which the Fee Committee has discretionary jurisdiction, Rule 1:20A-2(b), or no jurisdiction, Rule 1:20A-2(c), all fee disputes, including those involving contingent fees, are subject to reduction to a reasonable amount through arbitration.[2]
A prevailing party may be awarded reasonable attorney's fees in an action under the LAD, N.J.S.A. 10:5-27.1, and NJCRA, N.J.S.A. 10:6-2(f). D. Russo, Inc. v. Twp. of Union, 417 N.J. Super. 384, 390-91, 9 A.3d 1089 (App. Div. 2010). Other statutes *352 providing remedies for discrimination and employment claims also provide for the award of a reasonable attorney's fee to prevailing parties. See, e.g., N.J.S.A. 34:19-5(e) (Conscientious Employee Protection Act); 42 U.S.C. § 1988 (Civil Rights Attorney's Fees Awards Act of 1976). Each statute permits contingency enhancement of the lodestar fee based on the risk of nonpayment. See e.g., Rendine, 141 N.J. at 337, 661 A.2d 1202 (permitting enhancement of lodestar under LAD). Even when contingency enhancement is permitted, however, the resulting fee must still be reasonable. See id. at 341, 661 A.2d 1202 (stating "the primary rationale for contingency enhancements ... is to assure that counsel for the prevailing party is paid a reasonable fee by the nonprevailing party"); Szczepanski, 141 N.J. at 358-59, 661 A.2d 1232 (stating "the focus of [the statutory-fee award] determination is to ascertain what fee is reasonable").
More fundamentally, fee shifting awards are payable by the unsuccessful opposing party, not the prevailing plaintiff. Hence, an enhanced fee under the LAD or NJCRA does not reduce the plaintiff's net recovery.
We recognize "[a] contingent fee agreement does not limit the fee awardable under a fee-shifting statute." Pressler & Verniero, cmt. 4 on R. 1:21-7(c) (citing *125 Szczepanski, 141 N.J. 346, 661 A.2d 1232 ). In Szczepanski, the Court explained "the reasonable counsel fee payable to the prevailing party under fee-shifting statutes is determined independently of the provisions of the fee agreement between that party and his or her counsel. The statutory-fee award may be comparable to or substantially different from the amount payable under a negotiated fee agreement." 141 N.J. at 358, 661 A.2d 1232. Therefore, "the fee payable under a contingent-fee agreement may bear little relation to the reasonable fee award authorized by statute, and in no event should the amount payable under the contingent-fee agreement serve as the ceiling on the amount payable by statute." Id. at 359, 661 A.2d 1232. Here, the retainer agreement expressly recognized the potential for a statutory-fee award exceeding the amount payable under contingent-fee arrangement, and allowed appellant to retain the entire fee award in that event.
We note that a contingent fee of fifty percent of the net sum recovered has been rejected as unreasonable in several instances. See Obertelli v. Freeman, 142 N.J. Eq. 235, 59 A.2d 566 (E. & A. 1948) (setting aside a contingent fee arrangement of fifty percent in an estate matter); N.J. Advisory Comm. on Professional Ethics Op. 715 (Oct. 15, 2008) (declining to broadly approve contingent fees of fifty percent of the net sum recovered in a consumer protection actions).
Appellant's reliance on Modery v. Liberty Mut. Ins. Co. is misplaced. 228 N.J. Super. 306, 549 A.2d 867 (App. Div. 1988). In Modery, an attorney representing the minor plaintiff in a personal injury action appealed from the trial court's decision allowing a fee of only $2000 plus costs from the $35,000 settlement. The retainer agreement provided for a twenty-five percent contingent fee. After recognizing Rule 1:21-7(c)(5)[3] permitted fees not exceeding twenty-five percent of the amount recovered through settlement by an infant plaintiff, the appellate panel held the plaintiff's attorney "was entitled to have the court honor his contingent fee retainer *126 agreement absent proof that doing so would amount to an unconscionable or unreasonable overreaching which would deprive the infant of monies otherwise due to *353 her." Id. at 310, 549 A.2d 867. In this matter, the trial court awarded appellant a contingent fee of twenty-five percent of the net recovery, the same percentage awarded in Modery, and the maximum permitted under Rule 1:21-7(c)(6).
In summary, we reject appellant's contention that the trial court lacked authority to review a consensual contingent fee arrangement in a statutorily based discrimination action in which the plaintiff did not apply for a fee-shifting award against the defendant. We affirm the trial court's reduction of appellant's contingent fee to twenty-five percent of the minor plaintiff's net recovery in the absence of a successful application for an enhanced fee under Rule 1:21-7(f).
Affirmed.

The lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Rendine, 141 N.J. at 333-34, 661 A.2d 1202.

The contingent fee in this matter does not fall within the exclusions under subsections (b) or (c).

Rule 1:21-7(c)(5) is the predecessor to Rule 1:21-7(c)(6).